SAMUEL GALLE and Others, Respondents, v. ADOLPH TODE and Another, Appellants, Impleaded, etc.

*Fraudulent preferences — judgments confessed for bona fide debts, as a part of a plan to force a settlement with other creditors, are fraudulent — attachment a proper remedy.*

Certain debtors being financially embarrassed, and desiring an extension of time within which to pay their debts, and wishing to place their property beyond the reach of their creditors, in order to force the granting by the creditors of such extension, formed a corporation, but being warned by attorneys for the creditors that this scheme was fraudulent, the corporation transferred the property back to the debtors, the latter, subsequent to the formation of the corporation, having

called a meeting of the creditors and having assured them that no preferences should be given. Thereafter the debtors confessed judgments to certain creditors, who issued executions thereon, and subsequently the debtors called a further meeting of creditors and offered a settlement.

*Held,* that, although the judgments were confessed for *bona fide* debts, they were confessed as a part of the plan of the debtors to force a settlement with the other creditors, and that an attachment was properly granted upon the ground that the debtors had assigned, disposed of and secreted their property with intent to defraud their creditors.

APPEAL by the defendants, Adolph Tode and John Walling, impleaded with others, from an order, entered in the clerk's office of the county of New York on the 24th day of April, 1891, denying their motion to vacate a warrant of attachment granted in the above-entitled action on the 27th day of March, 1891.

*E. J. Myers,* for the appellants.

*A. J. Simpson,* for the respondents.

VAN BRUNT, P. J.:

The attachment in this action was issued upon the ground that the defendants had assigned, disposed of and secreted their property with intent to defraud their creditors.

It was distinctly established that the defendants in this action were in difficulties and desired to get an extension of time, and to devise some plan by which their property could be placed beyond the reach of their creditors, in order that they might procure such extension. The formation of a corporation was first resorted to for the purpose of carrying out this fraudulent scheme, but the defendants having been informed by the attorneys for certain of their creditors and by their own attorneys that this disposition of their property was a fraud upon their creditors and could be set aside, certain meetings were had by the creditors and the defendants, for the purpose of seeing what should be done under the circumstances; and it appears from the affidavits that the defendants assured these creditors that nothing would be done by them towards giving one creditor a preference, and that all the creditors should be treated equally, and should share *pro rata* under the agreement which had been made between the creditors and the defendants. Subsequently the corporation retransferred the prop-

erty to the defendants, and thereupon the defendants confessed judgments in favor of certain of their creditors, and caused executions to be issued upon such judgments, and then issued a notice for a meeting of their creditors, at which a statement of the affairs of the defendants was to be given and a proposition for settlement would be submitted.

It needs but a mere statement of these features of the case to show the animus which actuated these defendants. It is urged that the defendants had a right to prefer any creditor whom they might see fit. This is undoubtedly true, if such preference was honestly made, but if made for the purpose of forcing a settlement with the other creditors, then it was fraudulent; and however *bona fide* the debt might be which was due to the creditor, the fraudulent intent of the parties confessing the judgments invalidates the whole proceeding.

It appears distinctly that the sole object and intent of these parties was to prevent their creditors from seizing upon their property. They resorted to the scheme of a corporation first, and when that was pronounced fraudulent, then they confess these judgments, cover them with executions and say to the creditors, "Now settle."

These facts appear without dispute; and it further appears that these creditors were lulled to sleep by the promise of these debtors that they would not prefer one creditor over another.

It may be true that the restoration of the property of the defendants by the corporation to them restored them to the position in which they originally were, but they were still overshadowed by the fraudulent intent which actuated them in resorting to that scheme for the protection of their property against their creditors, and naturally cast suspicion upon any of their acts by which their property was taken away from the legitimate claims of creditors.

The learned counsel for the appellants seems to be of the opinion that because the debts for which the judgments were confessed were *bona fide*, that, therefore, the confessions cannot be assailed. But the difficulty is that it needs something else beside a *bona fide* debt in order to support the confession of a judgment.

It is necessary that such confession should be given for a *bona fide* purpose; and it is clear from the evidence in this case, which is

undisputed, that there was an intent upon the part of these defendants to force a settlement by placing their property beyond the reach of their creditors.

We think, therefore, that the order sustaining the attachment should be affirmed, with costs.

DANIELS, J., concurred.

Order sustaining attachment affirmed, with costs.