JOSE A. DEL VALLE, Appellant, *v.* JOSIAH A. HYLAND and Another, Respondents.

*Transfer by an insolvent debtor — preferring a creditor — action to set aside a transfer as being fraudulent as to creditors — Statute of Limitations — findings of the court — evidence.*

The fact that a debtor is insolvent, and that a creditor knows it, does not prevent the debtor from securing or paying such creditor a valid existing indebtedness, and the giving of a preference to such creditor cannot be successfully assailed by other creditors of the debtor, as the debtor has the right to pay the claim of one creditor in preference to, and to the exclusion of, all others.

An action brought for the purpose of setting aside an assignment or transfer upon the ground that it was made with intent to hinder, delay and defraud the creditors of the assignor, presents a question of fact, and when upon sufficient evidence this is determined one way or the other, and there is no such preponderance of evidence as would require the appellate court to set aside the judgment and grant a new trial, the decision of the trial judge should not be disturbed.

Where a claim remains unpaid for a period so long that it is barred by the Statute of Limitations, a doubt is created as to whether it has not been paid or as to its ever having had a valid existence, but where it is shown that there is a moral obligation to reimburse a person for money he had paid out in settlement of certain deficiency judgments or for cash loans made by him, although such claims may have been barred by the Statute of Limitations, there is present a sufficient consideration for a transfer of property in payment thereof, providing the amount of the property transferred is not so excessive that it appears to have been made with the intent to hinder, delay or defraud creditors, or providing such intent is not otherwise shown.

Upon the trial of an action brought to set aside a transfer or assignment upon the ground that it was made with the intent to hinder, delay and defraud creditors, the court is not bound to find the evidence which supports its conclusion; all that is required is that there should be sufficient evidence to justify the finding and conclusion that the transfer or assignment was made with or without the intent to hinder, delay or defraud creditors.

APPEAL by the plaintiff, Jose A. Del Valle, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 3d day of August, 1893, upon the decision of the court, after a trial at the New York Special Term, dismissing the plaintiff's complaint upon the merits.

*G. O. Hulse,* for the appellant.

*Julien T. Davies* and *Herbert Barry,* for the respondents.

PER CURIAM:

This action is brought by a judgment creditor of the defendant Navarro to set aside the transfer made to the defendant Hyland of five life insurance policies upon the life of the defendant Navarro for $10,000 each, on the ground that the same was made to hinder, delay and defraud the creditors of Navarro.

The first trial of this action resulted in a judgment dismissing the complaint upon the plaintiff's case, which judgment upon appeal to this court was reversed, and a new trial ordered (40 N. Y. St. Repr. 924) upon the ground that the proof would have sustained, although it did not require, a finding that the assignment was made in bad faith, and with intent to hinder creditors, and that it was error to dismiss the complaint.

Upon the second trial and upon the whole evidence, as well of the defendants as of the plaintiff, a judgment was rendered dismissing the complaint as to both defendants upon the merits.

As upon the first trial, it now appears that "in January or February, 1889, Mr. Josiah A. Hyland, one of the defendants, found on the table in his private office a written instrument purporting to have been executed by Mr. Jose F. Navarro, the other defendant, on the 31st day of December, 1888, whereby that gentleman transferred to him all his right, title and interest in and to five policies of life insurance for $10,000 each, subject to a claim thereon of $15,000 by Charles Coudert's executor, for which Mr. Coudert held the policies as collateral security."

Although the transfer was not personally delivered to the defendant Hyland, but was, as stated, found by him on his table, it appears by the evidence of both defendants that its being placed there was the result of prior conversations resulting in an agreement by Mr. Navarro to deliver such policies in payment of his indebtedness to Mr. Hyland.

The value of such policies on the 31st of December, 1888, in case of the death of Navarro, was considerably over $50,000, and as paid-up policies, nearly that amount, and their value as cash policies on that date was $24,039.95. So that if we deduct the $15,000 due to Mr. Coudert and interest, there would remain a cash value in the policies of about $9,000.

It was found by the learned trial judge, and conceded, that at the

time when these transfers were made the defendant Navarro was insolvent and that such insolvency was known by the defendant Hyland. The consideration, as claimed, for the transfer by the former to the latter consisted of an indebtedness of about $19,000 (exclusive of the $15,000 due Coudert and interest thereon, which the defendant Hyland testified he assumed), consisting of five principal items:

| | | |
|---|---:|---:|
| Cash prior to and up to the 24th day of November, 1880. | $6,132 | 00 |
| Interest on same which the defendant Navarro guaranteed to the defendant Hyland on the money given him from November 24, 1880, to December 31, 1888. | 2,981 | 17 |
| Indebtedness of defendant Navarro to defendant Hyland for professional legal services from in or about 1880 up to December 31, 1888 | 5,000 | 00 |
| Indebtedness of defendant Navarro to defendant Hyland for office rent of defendant Navarro's two sons | 2,000 | 00 |
| Deficiency judgment paid by defendant Hyland on or about February 29, 1888, on a bond given by him at the request of the defendant Navarro for money received by defendant Navarro on a loan on real estate in Eighty-seventh street, New York city | 2,573 | 11 |

These claims for moneys advanced, services rendered, office rent, and for the payment of the deficiency judgment, were supported by the testimony of both defendants, and if such testimony is to be credited, then the findings of the court below were amply sustained and the judgment should not be disturbed. Because it would thus appear that, for an indebtedness of about $18,000, the defendant Hyland had received policies, the cash value of which would not exceed $10,000 over and above the $15,000 for which it was pledged to Mr. Coudert. The fact that the defendant Navarro was insolvent and that Mr. Hyland knew it, would not prevent the former from securing or paying the latter a valid existing indebtedness, and the giving of a preference to Hyland cannot be successfully assailed by the other creditors. That a debtor has the right to pay the claim of one creditor in preference to and to the exclusion of all the others, has been many times decided.

Though a criticism can justly be made upon the loose way in

which the dealings between the defendants were carried on, and though the usual indicia of indebtedness, such as notes, the presentation of bills or demands for payment, and the keeping of an account showing such indebtedness in the books of the creditor are wanting and their absence is susceptible of different inferences, still the testimony offered of the close and intimate relations between them, the strong financial position which the defendant Navarro once held, and the confidence in his financial ability which those dealing with him entertained, explain the loose manner of their dealings, and left it a subject peculiarly within the province of the trial judge to determine. And, in the end, the whole question narrows down to one of credibility, as to whether or not this alleged indebtedness upon various items which have been alluded to was a scheme arranged between the defendants- for the purpose of creating fictitious claims, and thereby securing to themselves the benefits of the policies of insurance, and thus defrauding Navarro's creditors.

In an action of this kind, where an assignment or transfer is sought to be set aside upon the ground that it was made with intent to hinder, delay and defraud creditors, presenting as it does a question of fact, and when upon sufficient evidence this is determined one way or the other, and there is no such preponderance of evidence as would require this court to set aside the judgment and grant a new trial, then the decision of the trial judge should not be disturbed.

Here a suspicion is created by reason of the peculiarity and staleness of some of the items going to make up the indebtedness. And where, as here, a claim remains unpaid for a period so long that it is barred by the Statute of Limitations, then a doubt as to whether it has not been paid, or as to its ever having had a valid existence, is created. But, where it is shown that there was a moral obligation, to say the least, to reimburse the defendant Hyland for what he had paid out in settlement of the deficiency judgment or loaned in cash to Navarro, although the claim may have been barred by the Statute of Limitations, there is present a sufficient consideration for a transfer of property in payment, provided the amount of such property is not so excessive that it appears to have been made with intent to hinder, delay and defraud creditors, or provided such intent is not otherwise shown.

Considerable stress is laid upon the fact, as claimed, that the trial judge made certain findings upon insufficient evidence, and, contrary to the plaintiff's request, refused to make findings which were justified by the evidence.

With respect thereto we can but repeat what has been said lately in the case of *Faxon* v. *Mason* * (decided herewith), that upon the trial of an action such as this, the court is not bound to find the evidence which supports the conclusion; all that is required is that there should be sufficient evidence to justify the finding and conclusion that the transfer or assignment was made with or without intent to hinder, delay or defraud creditors.

We find no valid ground for disturbing the decision of the trial judge, and think that the judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Judgment affirmed, with costs.