THE FIRST NATIONAL BANK of Champlain, Appellant, *v.* ORVILLE K. WOOD and Others, Respondents.

*Assignment for benefit of creditors — formation of a corporation — prior fraudulent acts of the assignors — Laws of 1858, chap. 314; 1889, chap. 487.*

A firm, being financially embarrassed, organized a corporation in 1882, to which it transferred the greater part of the partnership assets, and received in payment all the stock of the corporation, and became its sole stockholders, trustees and officers. On May 7, 1884, and when the firm and the individual members of it were contemplating the making of assignments for the benefit of creditors, the corporation, by its officers, mortgaged its real estate for $25,000 nominally, but in fact to secure advances of $7,000 to be made by the mortgagee to the corporation. On May 10, 1884, the firm made an assignment for the benefit of creditors to Hiram Clark, and two of the three partners made individual assignments to him. Subsequently a judgment creditor of the · assignors brought an action to set aside these assignments.

*Held,* that the execution of the mortgage by the assignors as officers of the corporation, three days before their assignment, for money subsequently actually advanced to the corporation by the mortgagee, did not, *per se,* indicate an intent upon the part of the assignors to hinder, delay or defraud their firm creditors;

That the formation of the corporation by the assignors when financially embarrassed, but two years before the assignments for the benefit of creditors were made, did not, in itself, afford any evidence of an intent to defraud the firm creditors, there being no evidence in the case showing a connection between these two acts;

That if the formation of the corporation was an act in fraud of the firm creditors the assignee, Clark, could proceed under chapter 314 of the Laws of 1858, as amended by chapter 487 of the Laws of 1889, to set aside the fraudulent transfer;

That prior fraudulent transfers made by an assignor do not necessarily avoid an assignment, but may be considered in determining whether there was any fraud in the assignment itself.

APPEAL by the plaintiff, The First National Bank of Champlain, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Clinton on the 23d day of April, 1894, upon the report of a referee.

The action was brought to set aside certain assignments in which Hiram Clark was named as assignee.

*Royal Corbin,* for the appellant.

*George H. Beckwith,* for the respondents.

PUTNAM, P. J.:

This action was brought by plaintiff, as a judgment creditor, to set aside a general assignment executed on May 10, 1884, by O. K. Wood & Co., composed of Orville K., Albert G. H. and Victor A. Wood, and also individual assignments of Orville K. and Victor A. Wood, executed at the same time.

On the trial it was shown that in the spring of 1882, the above-named firm of O. K. Wood & Co., being financially embarrassed, its members organized a corporation called the " Queen of the Harvest Manufacturing Company," with a capital stock of 4,000 shares at twenty-five dollars each. On July 1, 1882, the said co-partners transferred to said corporation co-partnership assets to the amount of $127,000. Said firm or its members received and remained the owners of all the stock of said co-partnership, and when the general assignments were executed the co-partnership owned 1,288 shares of the stock and the members of the firm owned the balance thereof. At the time of the transfer of the property of said O. K. Wood & Co., the firm was indebted in the sum of $115,000, and the property transferred to the corporation embraced all the co-partnership property except some real estate, worth very little, and accounts, mortgages and judgments nominally amounting to about $134,000, which were of uncertain value. The members of the co-partnership were the sole stockholders, trustees and officers of said corporation.

On the 7th of May, 1884, when the firm and its members were contemplating the several assignments sought to be set aside, said Orville K., Albert G. H. and Victor A. Wood, as officers of the corporation, executed a mortgage on its real estate to one Williams for $25,000, and as stockholders thereof made the written consent to the execution of said mortgage required by statute. The mortgage recited an indebtedness of $25,000, but was, in fact, given for advances to be made to the corporation thereafter.

The learned counsel for the appellant insists that the mortgage executed three days before the assignments in question, and when the co-partnership and its members were contemplating the execution thereof, by which the above-named parties, the sole stockholders, trustees and officers of said corporation and the equitable owners of its property covered up its real estate with a mortgage for money to be advanced thereafter, was conclusive evidence of a fraudulent

intent on the part of the firm and its members to deceive, hinder, delay and defraud their creditors. . That the property of the corporation was, in a sense, the property of the partnership and co-partners, and the effect of the incumbrance was to hinder and delay the creditors of the firm and its members from collecting their demands from the corporate stock, which represented the property of the corporation. That the intent of the stockholders, acting as officers of the corporation, in executing the said mortgage, was to use said mortgage to keep the control of said corporate property in their own hands and under cover of the incumbrance to use its real estate and prevent the application thereof to the payment of creditors.

We are unable, after a careful examination of the evidence, to see how the acts of the assignors as stockholders and officers of the Queen of the Harvest Manufacturing Company, in mortgaging its real estate when they were about to execute the assignments, indicated an intent on their part to hinder, delay and defraud the creditors.

The mortgage was only valid (if at all) for the amount that should be advanced by Williams to the corporation — about $7,000. Although the corporation placed the incumbrance on its real estate, it received $7,000 from Williams, that being the amount for which the mortgage was a valid security. It was not satisfactorily shown that the corporation did not require the money or that the execution of the mortgage was not for its true interest. We are unable to see any indication of any attempt to defraud creditors in the execution of the mortgage. The assignors could not have contemplated that it would enable them to retain control over the corporate affairs or property, as after the execution of the assignments, by which they transferred to Clark their interest in the stock of the corporation, ceasing to be stockholders, they would naturally cease to act as officers of the corporation. It seems that there was some delay in the removal of the assignors as officers of the corporation, but it was a delay that could not have been anticipated.

Of course, it is possible to imagine that the assignors executed the mortgage with a view of covering up their property and that of the corporation, and as part of a scheme to hinder, delay, defraud and embarrass creditors. We do not think the evidence compelled the

referee to come to that conclusion. He was not bound to presume fraud. Although the stockholders and officers of the corporation made the assignments which are assailed by the plaintiff, it does not necessarily follow that the corporation should cease to exist. The interest of the assignors therein was as stockholders. It was for their benefit that the corporation should continue. Their stock would probably be more valuable in an existing than in an extinct corporation. The evidence was such that the referee could well reach the conclusion that the mortgage was not executed with any fraudulent intent whatever, but honestly and with a view of promoting the interest of the corporation.

It is urged by appellant's counsel that the firm of O. K. Wood & Co. and its members, in organizing the Queen of the Harvest Manufacturing Company in 1882, while financially embarrassed, and transferring to the corporation the greater part of their available assets, evinced a fraudulent intent. But the corporation was organized two years before the assignments. No connection was shown between the act of forming the corporation and the assignments. If the corporation was organized and the property of O. K. Wood & Co. transferred to it as a fraudulent scheme to defraud creditors of the firm, the assignee, Clark, could properly proceed under the provisions of chapter 314 of the Laws of 1858, as amended by chapter 487 of the Laws of 1889, to set aside such fraudulent transfer. Under the evidence it did not appear that the action of the co-partners in organizing the corporation and transferring their assets to it two years before the execution of the assignments which are assailed, had any connection therewith ; and, hence, the prior fraudulent act of the co-partners, if any, did not vitiate the assignments.

For the same reason we are of the opinion that if the cancellation of the mortgage of W. W. Wood six weeks before the execution of the assignments in question, was a fraud on the creditors of the co-partnership, the referee was not on that account compelled to find fraud in the assignments. He found, on sufficient evidence, that the assignors did not contemplate making the assignments sought to be set aside in this action for more than a week before the execution thereof. It is true that he held in another finding that in March, 1884, the firm had begun making preparations for an assignment, but he does not find, nor did the evidence require him

to do so, that they had at that time begun making preparations for the assignments in fact executed, or that the cancellation of the said mortgage was part of a fraudulent scheme consummated by the assignments sought to be set aside, or had any connection whatever therewith. It is held that prior fraudulent transfers by the assignor do not necessarily avoid an assignment, but may be considered in determining whether there was any fraud in the assignment itself. (*Loos et al.* v. *Wilkinson,* 110 N. Y. 195.)

Although the cancellation of the mortgage of W. W. Wood was in fact a fraud on creditors, if the assignments were otherwise valid the referee could properly sustain them, and the assignee named therein could attack the satisfaction of the mortgage under the provisions of chapter 314, Laws of 1858.

The point suggested by counsel for appellant as to the preferred notes of the wives of the assignors does not require a discussion, since the opinion of the Court of Appeals in this case reversing the judgment first entered herein. (128 N. Y. 35.)

Other objections are made by plaintiff to the validity of the assignments which we do not deem it necessary to discuss. We think, on the questions of fact raised by such objections, the conclusions of the referee were sustained by the evidence. We are also of the opinion that none of the exceptions to the rulings of the referee on the trial requires us to award a new trial.

The judgment should be affirmed, with costs.

HERRICK and STOVER, JJ., concurred.

Judgment affirmed, with costs.