of Ellis v. Insurance Co., 50 N. Y. 402; Angell v. Insurance Co., 59 N. Y. 171; De Grove v. Insurance Co., 61 N. Y. 594; Train v. Insurance Co., 62 N. Y. 598; Hubbell v. Insurance Co., 100 N. Y. 41, 2 N. E. 470; Ruggles v. Insurance Co., 114 N. Y. 415, 21 N. E. 1000; More v. Insurance Co., 130 N. Y. 537, 29 N. E. 757; Forward v. Insurance Co., 142 N. Y. 382, 389, 37 N. E. 615.

A somewhat critical examination of the evidence and the authorities bearing upon the questions involved has led us to the conclusion that the court erred in holding that the policy issued by the defendant was canceled, and that the plaintiff's complaint was insufficient to justify a recovery upon the contract of insurance made between the plaintiff and the defendant; that the court erred in nonsuiting the plaintiff, and that for that error the judgment should be reversed.

Judgment and order reversed, and a new trial granted, with costs to abide the event.

---

(91 Hun, 176.)

### PEOPLE ex rel. FINNIGAN v. HARMON.

(Supreme Court, General Term, Second Department.   December 2, 1895.)

1. MANDAMUS TO PUBLIC OFFICER—WHEN WILL LIE.

In October, 1894, the register and the clerk of Kings county, pursuant to Laws 1894, c. 365, § 30, employed F. to carry out all the provisions of such act for a specified sum for each year, and at the same rate for each fraction of a year, "until all the work under the said act is completed." *Held,* that if such contract continued until all the work under such act was completed, and the successors of such officers refused to permit F. to complete the work, and employed some one else to do so, F. had an adequate remedy at law, and was not entitled to a writ of mandamus to compel such successors to permit him to complete it.

2. SAME—CLEAR RIGHT TO RELIEF.

Laws 1894, c. 365, provides for the doing of many things by the register and the clerk of Kings county, the performance of which would extend beyond the terms of the register and clerk in office at the time the act was passed.   Section 30 authorizes such officers to employ a superintendent, but does not command it.   *Held* that, where such officers employed a person to carry out all the provisions of such act for a specified sum for each year, and at that rate for each fraction of a year, "until all the work under the said contract is completed," and the successors of such officers refused to let such person complete the contract, the right of such person to enforce his contract against such successors is not sufficiently clear to entitle him to a mandamus, even if that was the proper remedy.

Pratt, J., dissenting.

Appeal from special term, Kings county.

Application by Michael E. Finnigan for a writ of mandamus to Granville W. Harmon.   From an order denying a motion for a writ, relator appeals.   Affirmed.

Argued before BROWN, P. J., and DYKMAN and PRATT, JJ.

Almet F. Jenks, for appellant.

William G. Cooke, for respondent.

BROWN, P. J.   On October 9, 1894, pursuant to section 30 of chapter 365 of the Laws of 1894, Thomas J. Kenna and John Cottier, then respectively register and clerk of Kings county, entered into a con-

tract with Michael E. Finnigan, whereby said Finnigan was employed for the purpose of carrying out all the provisions of said act. For such services he was to receive $4,000 for each year, and at that rate for each fraction of a year, "until all the work under the said act is completed." The respondents were respectively elected to the office of register and clerk of said county at the general election in November, 1894, and entered upon the discharge of the duties of said offices on January 1, 1895. On January 2d, said respondents employed one Mosscup to act as superintendent in connection with the work to be performed under said statute, and said Finnigan was discharged. This proceeding was thereupon commenced to compel the present register and clerk to recognize Finnigan as the superintendent authorized to be employed by the act aforesaid, and to afford him access to the books and papers in said register's and clerk's offices.

The appellant contends that his employment was under a valid contract, which continues until all the work under said act is completed. We agree with the special term that, if that claim is sound, the appellant has an adequate remedy at law, and is not entitled to a writ of mandamus. It is only when there is a clear legal right, and no adequate legal means for its enforcement, that a writ of mandamus is granted. We think that it is very doubtful whether the register and county clerk who employed the appellant had a right to enter into a contract for the employment of a superintendent for the purpose of carrying out the provisions of the law aforesaid, which would extend beyond the expiration of their terms of office. We incline to the opinion that they had not such power. The act provides for the doing of many things by those officers the performance of which would extend beyond the terms of the register and clerk in office at the time the act was passed. Section 30 authorizes such officers to employ a superintendent, but it does not command it. It is left optional with them whether they should do so or not. Those in office when the act was passed could determine that question for themselves, but we are of the opinion that they could not control the discretion vested in their successors. The officers charged with the duties of carrying out the law have a right, we think, to exercise their own discretion and judgment as to whether they would employ a superintendent or not, and, if they did employ one, who he should be. It is sufficient for the purpose of this proceeding for us to say that the right of the relator to enforce his contract against the present register and clerk is not clear, and for that reason the motion was properly denied. The case of People v. Van Siclen, 43 Hun, 537, is not analogous to the case before us. In that case the relator held her office pursuant to a statute of the state, and had been illegally removed, and the court held that she could not, in the illegal manner there stated, be deprived of her position.

The order appealed from must be affirmed, with $10 costs and disbursements.

DYKMAN, J., concurs. PRATT, J., dissents.