(6 App. Div. 113.)

BUELL et al v. ROPE et al.

(Supreme Court, Appellate Division, Second Department. June 2, 1896.)

FRAUDULENT CONVEYANCE—INTENT TO DELAY CREDITORS.

A transfer of property for the purpose of delaying the transferror's creditors is void, though no actual fraud on the creditors was contemplated.

Appeal from special term, Kings county.

Action by Andrew A. Buell and others against William W. Rope and others to set aside certain transfers of real estate and personal property and also a general assignment for benefit of creditors. There was a judgment in favor of plaintiffs, and defendants appeal. Reversed in part.

This was a judgment creditor's action. The plaintiffs are judgment creditors of Rope & Co., a firm of lumber dealers, to the aggregate amount of $4,992.16. The members of that firm were the defendants William W. Rope, Charles R. Rope, and George W. McChesney. In the early part of 1894, they organized a corporation called the Rope Lumber Company. To this corporation, on February 12, 1894, they transferred, or caused to be transferred a stock of lumber worth $23,837.17, certain book accounts and personal property valued at $1,662.83, and some real estate at Arverne, in Queens county, and in the city of Brooklyn, standing in the name of the defendants William W. Rope and Selina S. Rope, his wife. This constituted most, if not all, of the tangible property of the partnership. There was no real change of possession of the personal property, which remained in the hands of the defendants William W. Rope and George W. McChesney, who were officers

of the new corporation. The only consideration for the transfers was the issue of stock of the Rope Lumber Company. The entire capital stock of the corporation was $40,000. This was issued as follows: $30,500 to the firm of Rope & Co.; $9,000 to the defendants William W. Rope and Frances S. McChesney, for the conveyance of the Brooklyn real estate already mentioned; $250 to the defendant George W. McChesney; and $250 to his father, James McChesney, of Oswego. The Rope Lumber Company assumed no part of the indebtedness of the firm of Rope & Co.. In addition to these transfers of February 12, 1894, the plaintiffs also attacked, as fraudulent and void, as against them, a conveyance by the defendants William W. Rope and Selina S. Rope, his wife, to the defendant Frances S. McChesney, of certain real estate on Stone avenue, in the city of Brooklyn, and two conveyances of lands in Oswego from William W. Rope to his wife. Finally, the plaintiffs sought to set aside a general assignment for the benefit of creditors, made by the members of the firm of Rope & Co. to the defendant Hugo Tollner on the 5th day of June, 1894. The trial court held that Rope & Co. were insolvent at the time of the transfer of the lumber and the other property to the newly-formed corporation in February; that the Rope Lumber Company was organized for the purpose of taking the property so transferred, and preventing the firm creditors from reaching it; and that the various transfers and conveyances which have been mentioned, including the general assignment, were part and parcel of one general scheme to hinder, delay, and defraud the creditors of. Rope & Co., including the plaintiffs. Judgment was accordingly rendered for the plaintiffs, and the defendants have appealed.

In reference to the claim of the defendant Selina S. Rope, which was the alleged consideration for the transfer of the Oswego property to her, the learned trial judge said, in his opinion, that it had always remained secret.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Frederick P. Bellamy, for appellants.
Alfred B. Cruikshank, for respondents.

BARTLETT, J. The long record in this case has been most carefully studied, and, after reading it through from beginning to end, the impression left upon the mind is for the most part the same as that which it seems to have left upon the mind of the learned judge at special term. We do not think that the members of the firm of Rope & Co. ever contemplated any actual fraud upon their creditors; but it is difficult to resist the conclusion that they did. mean to hinder and delay, until a more convenient season, the collection of the claims of those creditors who could not accommodate them as to the time of payment, and that their various transfers,—with a single exception, to be noticed hereafter,—beginning with those to the Rope Lumber Company and ending with the general assignment, were made in pursuance of that design. A purpose to hinder is as fatal as a purpose actually to defraud. An assignment or transfer with intent to delay the payment of a debt is condemned by the statute and the common law no less than a transfer or assignment into which the element of actual fraud enters. McConnell v. Sherwood, 84 N. Y. 522, 530. As has well been said, the statute in reference to fraudulent conveyances applies "equally to the case of an actual intent to defraud the creditor of his just dues, and to the case where such intent is absent, but the necessary effect of the sale or transfer is to postpone the creditor even for one day in the enforcement of his demand." Warner v. Lake (Sup.) 14 N. Y. Supp. 10, 12.

In a judgment creditors' suit of this kind, where the issues have been decided one way or the other on sufficient evidence, the decision of the trial court should not be disturbed, in the absence of material errors of law, unless there is such a preponderance of proof as to require the appellate division to set aside the judgment and grant a new trial on that ground. Del Valle v. Hyland, 76 Hun, 493, 496, 27 N. Y. Supp. 1059. It is not enough that the members of this court, if sitting at trial term, might have taken a different view of the facts, and drawn different inferences from them. Applying this rule, we have no difficulty in sustaining the finding, made upon conflicting evidence, or upon evidence from which conflicting inferences could be drawn by different minds, that Rope & Co. were insolvent when the Rope Lumber Company was formed, and that the corporation was organized in order to place the property of the firm beyond the reach of their creditors.

In the case of Bank v. Wood, 86 Hun, 491, 33 N. Y. Supp. 777, the general term of the Third department held that the organization of a corporation by the assignors, while financially embarrassed, and the transfer of the greater part of their available assets to such corporation, two years before they made a general assignment, did not vitiate the latter, inasmuch as the formation of the corporation was not shown to have had any connection with the subsequent assignment. In the present case, however, there was enough to warrant the court in inferring the existence of a common purpose which connected and characterized the two acts; that purpose being an intent to delay those creditors who refused to treat the firm as leniently as the partners desired, in view of the hard times then prevailing in the business world. Furthermore, we do not understand the decision in the Third department as questioning the proposition that a transfer to a corporation under the circumstances stated would be indicative of fraud. What the court really decided was, not that the prior act in forming the corporation and transferring the property to it was not fraudulent, but that, if it was fraudulent, the remedy lay in the hands of the assignee, because the assignment did not fall unless some connection were shown between it and the previous scheme of fraud, if there had been one. The fraudulent nature of a similar scheme was assumed without question in Galle v. Tode, 60 Hun, 132, 134, 14 N. Y. Supp. 531, and seems manifest enough without the citation of authorities.

The transfer by an insolvent firm of all their tangible property to a corporation formed by the members of the partnership for the purpose of acquiring such firm assets, without giving any consideration save the issue of stock therefor, and without assuming any of the debts of the firm, is about as suspicious a circumstance, and as indicative of an intent to hinder the firm creditors, as anything that can readily be imagined. It requires a satisfactory explanation, to say the least; and the explanation offered in behalf of the appellants seems to us to be feeble and inadequate to explain why or how such a course was calculated to facilitate a liquidation of the firm business for the benefit of the retiring partner, Charles R. Rope, un-

less by hindering and delaying the firm creditors, which was precisely what Rope & Co. had no right to do in this way, no matter how desirable it might seem to them at the time.

On the whole, then, we find no reason for interfering with the judgment below. In one particular, however, an error seems to have been committed. The transfer of the Oswego property from William W. Rope to his wife was condemned by the learned trial judge, in part at least, because the alleged indebtedness of the husband had, as the opinion states, always remained secret. But evidence tending to disprove any such secrecy concerning the existence of this debt and claim was offered by the defendants and excluded. Its exclusion, to which exception was duly taken, constitutes an error in regard to this branch of the case which cannot be deemed harmless, in view of the emphasis given in the special term opinion to the secret character of the particular claim in question as a ground for rejecting it.

The judgment should be affirmed in all respects, with costs, except so far as it sets aside the Oswego conveyances from William W. Rope to Selina S. Rope. As to those conveyances, it should be reversed, and a new trial granted, with costs to abide event. All concur.