WALWORTH MFG. CO. v. BURTON et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. FRAUDULENT CONVEYANCE—EVIDENCE OF INTENT.

Evidence that a conveyance was made by a debtor to a corporation, formed to his wife's knowledge for the purpose of avoiding an assignment by him, is sufficient evidence of a fraudulent intent in a conveyance by him two days before to his wife, the conveyances being so close that they may be regarded as acts in the execution of a common purpose to place his property where it would be more difficult for his creditors to reach it.

Appeal from Special Term, Westchester County.

Suit by the Walworth Manufacturing Company against David G. Burton and others. From a judgment for plaintiff on a decision made after trial at special term, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

George C. Appell, for appellants.
Charles A. Wendell, for respondent.

WILLARD BARTLETT, J. This is a judgment creditors' suit, in which certain conveyances of real estate, made by the defendant David G. Burton to the other defendants, have been set aside as

fraudulent. The argument in behalf of the appellants is devoted chiefly to the proposition that the evidence of fraudulent intent is, insufficient to support the judgment. It is contended that there is no proof of actual fraud in connection with the conveyance 'from David G. Burton to Isabella M. Burton, his wife, of the first parcel of land. This deed was made on January 20, 1892, but not recorded until April 16, 1894. The second deed, which has been adjudged' fraudulent, was made on February 1, 1892, by David G. Burton and Isabella M. Burton, his wife, to the D. G. Burton Company. There is evidence enough that this second deed was made with fraudulent intent. David G. Burton was hard pressed by his creditors at the time, and the condition of his business was such that he contemplated an assignment. To avoid the necessity of making an assignment, the incorporation of the D. G. Burton Company was planned at a meeting at which Mrs. Burton was present, and to the corporation thus formed was transferred the property mentioned in the second deed. This conveyance followed the first one so speedily that I think both may justly be regarded as acts in the execution of a common purpose to place the property of Mr. Burton where it would be more difficult for his creditors to reach it. There is evidence that he avowed this purpose, declaring that certain of his creditors, including the plaintiff, would now "sweat for their money," and that all his creditors would have to wait until he got ready to pay them. The presence of Mrs. Burton at the conversations where the formation of the corporation as a means of avoiding the necessity of an assignment was discussed indicates with sufficient clearness that she was aware of this purpose, even if she did not actively participate in it.

It is said in the brief for the appellants that there is no contention that at that time D. G. Burton, the grantor, was not solvent, or that he did not retain ample property out of which to pay all existing debts. I do not understand it to be admitted by the counsel for the respondent that such was the fact; and, indeed, any admission of the kind would be in conflict with the testimony to which we have referred, and with other evidence showing that Mr. Burton got rid of all his visible property in order to keep off his creditors. Portions of the land conveyed by the first two deeds were subsequently conveyed by the D. G. Burton Company to Isabella M. Burton, and by Isabella M. Burton to Burton Bros. & Co. The Burton Bros. Company was wholly organized by persons belonging to the Burton family, and commenced business with the larger part of the property which David G. Burton had originally transferred to the D. G. Burton Company, and which the D. G. Burton Company had transferred to Isabella M. Burton. The circumstances under which the grantees took the conveyances were such as to charge them with knowledge of the fraudulent intent which entered into the prior conveyances of the same property.

The appellants argue that the judgment is in conflict with the rules laid down in Kalish v. Higgins, 70 App. Div. 192, 75 N. Y. Supp. 397, and Kain v. Larkin, 131 N. Y. 300, 30 N. E. 705. An examination of these decisions does not support their position. In the Kalish

Case the Appellate Division held that the facts surrounding the transaction showed that at the time the conveyance was made neither the judgment debtor nor the grantee had any intention to defraud anybody. The only liability of the defendant at the time was a contingent one as a surety upon a lease under which no rent was then due, and under which none became due until two years after the execution of the conveyance. It also appeared that up to a short time before the judgment was entered against him the grantor retained sufficient property with which to satisfy any liability under the lease, whereas in the present case the proof is that Mr. Burton said, after the transfer of the real estate had been made, that he had no further property. In Kain v. Larkin, supra, the trial court found that there was no evidence that at the time of the conveyance, or before, defendant did not have ample means to pay all claims against him, including the plaintiff's. The Court of Appeals conceded it to be quite probable that the defendant had divested himself of all his property, but declared that this conclusion should not be left to mere inference, as it had been by the proofs upon the trial, and therefore concluded that the ends of justice required that the action should be tried again. In the present case the intent to hinder creditors, and to hinder this particular creditor in the successful prosecution of its claim, has been made sufficiently manifest; and the statute against fraudulent conveyances is aimed at those intended to operate as instruments of delay no less than those intended to operate as instruments of fraud. Buell v. Rope, 6 App. Div. 113, 39 N. Y. Supp. 475, and cases there cited. There are some exceptions to rulings upon questions of evidence, but none which calls for discussion, as none presents any error which could have affected the result. I think the judgment was right, and should be affirmed.

Judgment affirmed, with costs. All concur.