(August 13, 1985)

■ In the Matter of WAYNE PROSPECT et al., Appellants, and

KIRKPATRICK & LOCKHART, Intervenor-Petitioner, v PETER F. COHALAN et al., Respondents. (Proceeding No. 1.) In the Matter of the TOWN OF SOUTHAMPTON et al., Appellants, and KIRKPATRICK & LOCKHART, Intervenor-Petitioner, v PETER F. COHALAN et al., Respondents. (Proceeding No. 2.)—In consolidated proceedings pursuant to CPLR article 78, *inter alia,* seeking (1) to prohibit respondent Peter F. Cohalan, the County Executive of the County of Suffolk, and his agents from terminating the services of the law firm of Kirkpatrick & Lockhart on behalf of the County of Suffolk, and (2) to enjoin respondent Cohalan and his agents from interfering with the continued representation of the county by said firm, petitioners appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Suffolk County (Brown, J.), dated July 31, 1985, as dismissed an application to enforce a prior judgment of the same court (Doyle, J.), dated June 10, 1985.

Judgment affirmed insofar as appealed from, without costs or disbursements.

Oral applications by appellants for leave to appeal to the Court of Appeals granted. Questions of law have arisen which in our opinion ought to be reviewed.

The instant proceedings involve a challenge to the validity of the actions of respondent Peter F. Cohalan, the County Executive of Suffolk County (Cohalan) in terminating, without prior legislative approval, the services of the Washington, D.C., law firm of Kirkpatrick & Lockhart which had been assisting the County Attorney in the legal representation of the County of Suffolk in administrative proceedings before the Nuclear Regulatory Commission, as well as in various judicial proceedings, in connection with the Shoreham nuclear power facility. Kirkpatrick & Lockhart had been retained pursuant to a written agreement dated February 22, 1982 which was executed by respondent Cohalan on behalf of the county, and which, according to its terms, could be terminated by either party upon 30-days notice. Immediately prior to the execution of that agreement, the Suffolk County Legislature adopted Resolution No. 43-1982 which "authorized" respondent Cohalan to hire appropriate technical engineers and legal counsel to assist the County Attorney in the various proceedings involving the Shoreham facility and appropriated the sum of $500,000 for that specific purpose. This budget appropriation was subsequently increased to over $6,000,000.

On May 30, 1985, without prior legislative approval, respondent Cohalan issued Executive Order No. 1-1985 which pro-

vided, in pertinent part, that the county's Commissioner of Police and its planning department were to "use whatever resources * * * [are] necessary in order to complete a review and evaluation" of a local emergency response plan for the Shoreham facility and to "carry out and cause to be conducted a test and exercise" of said plan. Following respondent Cohalan's issuance of that order, the petitioners herein (several individual Suffolk County legislators and four Suffolk County towns) challenged its validity on the basis that respondent Cohalan exceeded his authority under Executive Law article 2-B and County Law § 153, as well as the Suffolk County Charter. By judgment dated June 10, 1985, Special Term (Doyle, J.), annulled Executive Order No. 1-1985 and enjoined respondent Cohalan, his agents and employees from taking "any action whatsoever to enforce, implement or carry out the directions, policies or terms" of said order. Special Term's judgment was subsequently affirmed by this court and by the Court of Appeals (*Matter of Prospect v Cohalan,* 111 AD2d 890, *affd* 65 NY2d 867).

Immediately prior to the commencement of the proceedings challenging the validity of Executive Order No. 1-1985, respondent Cohalan, by letter dated June 3, 1985, informed Kirkpatrick & Lockhart that, pursuant to the terms of the retainer agreement, he was terminating the firm's services on behalf of the county. Following Special Term's annulment of the executive order on June 10, 1985, respondent Cohalan and the Suffolk County Attorney, Martin Ashare, again contacted Kirkpatrick & Lockhart by separate letters dated June 19, 1985, to reiterate that the firm's services were no longer required to assist in the county's representation in the Shoreham-related proceedings. In his June 19th letter, respondent Cohalan emphasized that his prior termination letter of June 3, 1985, was not in any way related to his executive order but rather was based on a determination by the County Attorney that the firm's assistance was no longer necessary.

The petitioners contend that the termination of Kirkpatrick & Lockhart's services by respondent Cohalan, without prior legislative approval, was in excess of his authority and constitutes an attempt by respondent Cohalan to "enforce, implement and carry out" the policies and directions of his illegal executive order in violation of Justice Doyle's judgment. We do not agree and, accordingly, affirm Special Term's judgment dismissing the application.

Under the statutory framework established by the Suffolk County Charter, the County Attorney, who is appointed by the

County Executive subject to legislative approval, is designated as the head of the county's department of law (Suffolk County Charter § 1501) and is vested with the authority to "prosecute and defend all civil actions and proceedings brought by or against the county" (Suffolk County Charter § 1502; *see also,* County Law § 501 [1]). Section 1501 of the charter further provides that "[w]ithin the appropriations therefor *and when authorized by the County Executive,* the county attorney may employ such special counsel as may be necessary" (emphasis supplied). Moreover, County Law § 501 (1), governing the general grants of power to a County Attorney, provides, *inter alia,* that "[w]ithin the limits of the appropriation, the county attorney may employ counsel to assist in any civil action or proceeding brought by or against the county".

The Suffolk County Charter provisions unequivocally establish that the discretionary authority to hire outside counsel on behalf of Suffolk County is vested with the County Attorney and the County Executive. Furthermore, implicit in the power to hire or appoint is the power to terminate employment (*see, Mack v Mayor of City of N. Y.,* 37 Misc 371, 374, *affd* 82 App Div 637, *affd* 176 NY 573; *Bosco v County of Oneida,* 106 Misc 2d 872, 874, *affd* 79 AD2d 1092; *County of Broome v Conte,* 120 Misc 2d 1050, 1054, *affd* 101 AD2d 905). No provision of either the County Law or the Suffolk County Charter requires that the dismissal of the county's special counsel be approved by the County Legislature.

Petitioners' suggestion that the Legislature's Resolution No. 43-1982 constitutes a limitation on the executive branch's discretionary authority to discharge Kirkpatrick & Lockhart is without merit. The resolution was merely a budgetary appropriation permitting respondent Cohalan to hire appropriate legal counsel on behalf of the county to assist the County Attorney in Shoreham-related proceedings. The resolution did not mandate that the Legislature approve the hiring or firing of such legal counsel. Parenthetically, it is noted that the county's retainer agreement with Kirkpatrick & Lockhart does not provide that the firm's discharge be contingent upon a legislative act.

Accordingly, it is clear that respondent Cohalan, acting with the County Attorney and in accordance with the provisions of the retainer agreement, did not exceed his authority in discharging Kirkpatrick & Lockhart without legislative approval. In the absence of any evidence to establish fraud or corruption, it is beyond the realm of judicial review to conduct an inquiry into respondent Cohalan's motives for exercising that

authority (*see,* 2 McQuillin, Municipal Corporations §§ 10.35, 10.36, 10.37 [3d ed]). This point was recently discussed in the case of *Matter of New York State Inspection, Sec. & Law Enforcement Employees v Cuomo* (64 NY2d 233, 239), in which the Court of Appeals stated: "The lawful acts of executive branch officials, performed in satisfaction of responsibilities conferred by law, involve questions of judgment, allocation of resources and ordering of priorities, which are generally not subject to judicial review * * * This judicial deference to a coordinate, coequal branch of government includes one issue of justiciability generally denominated as the 'political question' doctrine" (*see also, Matter of Lorie C.,* 49 NY2d 161).

Thus, we reject petitioners' argument that this court must annul and set aside respondent Cohalan's termination of Kirkpatrick & Lockhart's services on the basis that his actions were purportedly the result of that firm's refusal to advocate the policy enunciated under respondent Cohalan's Executive Order No. 1-1985 rather than a reasoned decision by respondent Cohalan and the County Attorney that the firm's services were no longer necessary. Such a result would necessarily contravene the "fundamental principle of the organic law that each department of government should be free from interference, in the lawful discharge of duties expressly conferred, by either of the other branches" (*see, Matter of New York State Inspection, Sec. & Law Enforcement Employees v Cuomo, supra,* at p 239).

Finally, we note that contrary to petitioners' argument, the terms of Justice Doyle's judgment of June 10, 1985 did not prohibit or limit respondent Cohalan's discretionary authority to terminate the services of Kirkpatrick & Lockhart as the county's outside legal counsel. In fact, on the prior appeal from Justice Doyle's judgment, this court, in a decision dated June 19, 1985 denying a motion by certain of the petitioners for vacatur of a statutory stay, noted that the issue of Kirkpatrick & Lockhart's status as the county's legal representative could not be resolved in that appeal. In that decision, this court expressly stated: "*the issues of who should properly represent the County of Suffolk in related matters involving the Shoreham Nuclear Power Plant and the status, if any, in these related matters of the law firm of Kirkpatrick & Lockhart, were not argued before Special Term and were not determined in the subject judgment,* and we deem it inappropriate, under the circumstances, particularly in the absence of a complete record with respect thereto, to decide these issues on the appeal from the judgment" (emphasis supplied).

Accordingly, Special Term's judgment dismissing the application must be affirmed. Since the issue is not before us, we do not address the question as to whether the County Legislature has the right to retain special counsel in appropriate circumstances. Mollen, P. J., Brown, Weinstein, Rubin and Lawrence, JJ., concur.