OPINION OF THE COURT
John W. Grow, J.
Plaintiff James T. Rine (Rine) seeks various relief in this proceeding; however, this decision addresses primarily his request for a declaratory judgment pursuant to CPLR article 30.
Rine was appointed, in 1977, a patrolman in the Police *20 Department of the City of Sherrill, New York. The appointment was made by the Sherrill City Commission (Commission). The Commission is the City’s governing body. In 1985 he was promoted by the same body to the rank of sergeant. The Commission subsequently abolished the sergeant’s position and Rine was again reappointed a patrolman, the position he currently holds.
On or about November 30, 1990, and again on or about December 18, 1990, Rine was given notice of separate and unrelated charges of off-duty misconduct and was immediately suspended from duty pending a hearing on the charges pursuant to section 75 of the Civil Service Law.
The City Manager of Sherrill (City Manager) designated a Hearing Officer to conduct a section 75 hearing regarding the charges placed against Rine. That hearing has taken place. Rine alleges he timely objected to the hearing because the City Manager, pursuant to the Sherrill City Charter (Charter) is not empowered to initiate removal proceedings. The defendant City of Sherrill (City) submits the Charter provides the City Manager has the sole removal authority and thus was empowered to initiate the hearing. Therein lies the issue presented for a declaratory judgment, namely, who is the proper removing authority.
The City is a municipal corporation apparently chartered by the State Legislature in 1916. Pursuant to Local Laws 1925, No. 1 of the City of Sherrill, and entitled "The Charter of the City of Sherrill”, the Commission consists of five elected persons with powers to appoint, inter alla, a chief administrative officer known as the City Manager. (Charter, tit I, § 5.) There is no evidence the Charter has been amended since 1925. At that time there was no permanent police department. Section 191 of title XIII of the Charter, entitled "Police department”, provides that when the Commission determines a permanent police force is advisable, it (the Commission) may appoint a permanent chief of police and permanent policemen and fix their respective salaries. A permanent police force was created; it is pursuant to this section Rine was appointed, promoted, and then upon abolition of his sergeant’s position, reappointed a patrolman.
Section 41 of title IV of the Charter is entitled "Powers and duties of the manager”. Section 41 (2) provides the manager shall "appoint and, except as herein provided, remove all directors of departments and all subordinate officers and employees in the departments” (emphasis added).
*21 Riñe submits that since the Commission is the sole appointing authority the Commission must also be the sole removing authority. He cites Mack v Mayor of City of N. Y. (37 Misc 371, 374, affd 82 App Div 637, affd 176 NY 573), which states "The rule is that where the power of appointment is conferred in general terms and without restriction, the power of removal in the discretion and at the will of the appointing [authority] is implied and always exists unless restrained and limited by some other provision of law” (emphasis added). This rule was again enunciated in the case of Matter of Bosco v County of Oneida (106 Misc 2d 872, affd 79 AD2d 1092), a 1980 action. Applying this legal principle to the instant matter Rine argues there is no explicit Charter provision designating the City Manager as the removing authority of a member of the City’s police department. He further argues that section 41 of the Charter recognizes the City Manager does not have the power to remove all City employees since that section provides only for removal authority "except as herein provided”, and by implication the City Manager cannot remove personnel in the classified civil service (includes permanent policemen) because there were no such employees at the time of the Charter revision in 1925. Thus, the City Manager exceeded his authority when he designated a section 75 Hearing Officer, a function vested solely in the Commission.
The City concedes that the applicable principle is that the power to remove an appointee is an incident of the power to appoint, but submits in this case that the general rule has been superseded by the Charter. It argues that while section 191 of the Charter grants appointing authority to the Commission it is silent as to removal powers; that the removal powers granted to the City Manager in Charter §41 (2) are not limited by any other Charter provision, and that an irrefutable inference must thus be drawn that the City Manager has the statutory power of removal. To rule otherwise would, acceding to the City’s argument, give a strained interpretation to the Charter provision.
The court concurs in the City’s position. While the Charter could have expressly provided in section 191 that the Commission also have the authority to remove policemen, that section was silent as to removal authority. The removal authority is granted in section 41 (2) to the City Manager "except as herein provided”; there are no contrary exceptions provided in the Charter. A court may not read into a statute (here a Charter) words not used by the Legislature which would *22 defeat the purpose of the statute. (See, Matter of Davies, 242 NY 196.) In determining the legislative intent in the construction of a statute, such intent is to be ascertained from the words and language used, and the statutory language should be construed according to the natural and most obvious sense, without resorting to an artificial or forced construction, and each word must be given its appropriate meaning and sense must be brought out of the words used. (See, 56 NY Jur, Statutes, §§ 107-120, at 585-597, and cases cited therein.) The Charter provides the City Manager is the chief administrative officer. It further provides he has power to exercise control over all departments of the City government (Charter § 41 [3]). The Manager’s power of removal is therefore consistent with this section.
Applying the above legal principles there is no other meaning that can be subscribed to those words in section 41 (2) "[t]o appoint and, except as herein provided, remove”. To hold otherwise would be to give a strained and unreasonable construction to this section. The appointment power is vested in the Commission (Charter § 191) and the removal authority vested in the City Manager (Charter § 41 [2]). The court declares the City Manager, pursuant to section 41 (2), is the sole removing authority.
Rine’s request for summary judgment and injunctive relief are denied in light of the court’s declaration that the City Manager is the proper removing authority. Defendant’s cross motion for summary judgment is also denied. The temporary order of the court enjoining the City from any further actions or proceeding to remove Rine is rescinded. Rine’s remaining contentions are not yet ripe for judicial review.