■ In the Matter of City Council of City of Mount Vernon, Respondent, v Ravi Batra, Appellant. John M. Flannery, Nonparty Respondent. [919 NYS2d 859]—

Contrary to the appellant's contention, the Supreme Court properly considered the issue of whether his appointment pursuant to section 66 of the Mount Vernon City Charter was lawfully terminated. Moreover, there is no merit to the appellant's contention that his appointment pursuant to that section was irrevocable and not at the pleasure of the mayor. Where, as here, the power of appointment is conferred in general terms and without restriction, the right to remove the appointee is within the discretion or at the pleasure of the appointing power (*see People ex rel. Fonda v Morton*, 148 NY 156, 160 [1896]; *Matter of Waters v City of Glen Cove*, 181 AD2d 783 [1992]; *Matter of Prospect v Cohalan*, 112 AD2d 1018, 1021 [1985]; *Mack v Mayor, Aldermen, & Commonalty of City of N.Y.*, 37 Misc 371, 374 [1902], *affd* 82 App Div 637 [1903], *affd* 176 NY 573 [1903]). Accordingly, the Supreme Court correctly determined that the appellant's appointment pursuant to section 66 of the Mount Vernon City Charter was lawfully terminated, and that any obligation to respond to and/or comply with the subpoenas he issued pursuant to his appointment terminated with the termination of his appointment.

Finally, the Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which was for an award of an attorney's fee and costs, and for the imposition of sanctions pursuant to 22 NYCRR 130-1.1. Dillon, J.P., Angiolillo, Balkin and Roman, JJ., concur.