## THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE STEINSON, Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

*Mandamus — to compel the payment of the salary of a teacher —* mandamus *is not a proper remedy against the Board of Education of New York city.*

Under the provisions of the consolidation act relative to the city of New York, chapter 410, Laws of 1882, a *mandamus* should not be issued against its Board of Education, requiring that board to pay his salary to a teacher who had been removed from office by the city superintendent and subsequently, as alleged, reinstated by the State Superintendent of Public Instruction.

At most, such applicant would, in a clearly established case, be entitled to a direction from the court that his name be put upon the pay rolls; without affecting the requirement that such rolls be subsequently approved and certified by the school trustees and inspectors, and thereafter be audited by the Board of Education and by the finance department of said city.

A demand for a salary is one for the enforcement of which the claimant has his action at law, and in such a case a writ of *mandamus* is not a proper remedy.

APPEAL by the relator, George Steinson, from an order entered in the office of the clerk of the county of New York, on the 13th day of January, 1891, denying his motion for a peremptory writ of *mandamus*, requiring the Board of Education of the City of New York to pay to him an amount of salary claimed to be due him as an assistant teacher in a grammar school in said city.

*E. M. Hawkes*, for the appellant.

*R. G. Beardslee*, for the respondent.

PATTERSON, J.:

This is an appeal from an order denying a motion for a peremptory *mandamus*. The relator had been a teacher in a public school in the city of New York, and was removed from his position, but as he claims, restored thereto by the State Superintendent of Instruction. He asks, in this proceeding, that the Board of Education be directed to pay to him a sum he alleged to be due as salary for a period subsequent to his dismissal, but he did not ask for reinstatement in his place as a teacher. It would be sufficient to dispose of this appeal by referring to the statutes respecting the powers of the Board of Education and the methods by which, under the by-laws of that board, enacted pursuant to the statutes, salaries of teachers are to be paid.

They would show that the application in the first place, is misdirected as to the object sought to be accomplished. The Board of Education controls the expenditure of moneys raised for the support of public schools in accordance with the provisions of the consolidation act; but it does not actually disburse moneys for the payment of salaries of teachers. On the contrary, the by-laws of the board require that salaries shall be paid on pay-rolls, which must have the approval of and be certified by the school trustees and the school inspectors of the wards and districts in which the schools are situated, and then those pay-rolls must be audited and certified by the Board of Education and the finance department of the city of New York. It would be impossible to grant the writ now applied for under the law and the regulations referred to. All that could be commanded in a clearly established case, and on the assumption that the relator was entitled to some direction by *mandamus*, would be that his

name be put upon the pay-roll in order that his salary might be paid in the regular and usual way, and whether that application should be made against the trustees and inspectors is a question not necessary to discuss now.

But there is another and radical objection to the relator's application. He claims to stand in the attitude of one adjudged, by the decision of the State superintendent, entitled to his place as a teacher in the public schools. His right and title he, therefore, assumes as being unassailable. All he asks for now is a *mandamus* to compel payment of salary; that is to collect money on a contract by *mandamus*. His claim is nothing but a mere common-law demand, and it is quite a novelty to seek to collect a debt by the writ applied for. It is true that this court has decided that in a proper case *mandamus* will not be refused simply because an action for damages might lie. It was held in *People ex rel. Livingston* v. *Taylor* (1 Abb. Pr. [N. S.], 200), that a *mandamus* is not to be denied only because a relator may have a remedy by action for damages; but that was a case in which the commissioner of jurors refused to strike from the list of jurors the name of a person who claimed and was entitled to exemption from service. It related only to a specific duty imposed upon a public officer. But here the writ is applied for as process to collect a debt. It amounts to that and nothing less. (*People ex rel. Green* v. *Fernando Wood, Mayor*, 35 Barb., 653.)

The granting of a writ of *mandamus* is discretionary; a discretion to be exercised not absolutely or arbitrarily, but in ordinary cases only when it appears that the relator is without any other adequate means to redress a wrong or maintain a right. When he has a remedy by action, *mandamus* will be denied. (*People ex rel. Tenth National Bank* v. *Board of Apportionment*, 64 N. Y., 62; *People ex rel. Lunney* v. *Campbell*, 72 id., 496.) In the case last cited the court remarked that the relator had a clear legal right to sue for all damages he had sustained by reason of the refusal of the defendant, as commissioner of public works, to execute and carry out a contract which the relator claimed to be entitled to perform as the lowest bidder for the work; and it proceeded to say: " No rule is better settled by the decisions of the courts than that in such a case *mandamus* will not lie. (*People ex rel. Perkins* v. *Hawkins*, 46 N. Y., 9; *Ex parte Lynch*, 2 Hill, 45; *Ex parte Fireman's Ins.*

*Co.*, 6 id., 243; *Shipley* v. *Mechanics' Bank*, 10 Johns., 484; *People ex rel. Hackley* v. *Croton Board*, 49 Barb., 259.)" On the relator's own statement of his case his right to recover ·his salary is regarded as settled; and without saying whether that claim is maintainable or not, we must consider it for the purposes of this application on the basis upon which he himself has put it. On his own showing he has an adequate and complete remedy by action.

The court below was right in the conclusion at which it arrived and the order must be affirmed, with costs.

VAN BRUNT, P. J., and BARRETT, J., concurred.