PEOPLE ex rel. GOLDEN v. ROOSEVELT et al., Police Com'rs.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

MUNICIPAL CORPORATIONS—ANNEXATION—RETENTION OF OFFICERS.

> Laws 1895, c. 934, providing for annexation of Wakefield and other towns to New York City, provided, in section 1, that the rights and privileges should be the same "as if such territory had been included" within said city "by the provisions of chapter 613 of the Laws of 1873," providing for the annexation of certain towns to New York City. This latter act provided for the retention of police officers and patrolmen in office in the latter towns. *Held* not to make patrolmen of the town of Wakefield members of the police force of New York City.

Appeal from special term.

Application by the people, on the relation of James Golden, for a peremptory writ of mandamus to Theodore Roosevelt and others, as commissioners of police. From an order denying the applicant's petition, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

A. H. Purdy, for appellant.
Theodore Connoly, for respondents.

RUMSEY, J. Before the 6th of June, 1895, the relator was a police officer and patrolman in the town of Wakefield, in Westchester county. By chapter 934 of the Laws of 1895, that town, with the towns of Eastchester and Westchester and Pelham, was annexed to the city of New York. The relator claims that, under the provisions of that act, he became a policeman of the city of New York, and entitled to receive a salary as such, and his complaint is that the respondents have refused to regard him as a policeman, and to pay him the salary justly due to him, or assign him to any duty, or to allow him to perform his duty as such patrolman; and he asks for a mandamus to compel the respondents to restore him to duty as a patrolman of the police, and requiring them to pay him all his salary. Upon the hearing at the special term, his motion for a peremptory writ was denied, but the court allowed him to have an alternative writ if he should be so advised. From this order, the relator appeals. No appeal is taken by the respondents from that portion of the order which allows an alternative writ to issue.

So far as the relator asks upon this motion that the salary which he claims to have already earned as a policeman should be paid to him, he has mistaken his remedy. If, as he says, he is still a member of the police force, and has been such since the annexation of the town in which he lives, and for that reason entitled to receive the same salary as other policemen, his claim is a mere common-law demand for money which is owing to him by the city of New York; and his remedy is to be sought, not by the extraordinary process of a mandamus, but by an action for the salary which he claims to be due him, as any other debt is to be collected. People v. Board of Education of City of New York, 60 Hun, 486, 15 N. Y. Supp. 308, affirmed, 148 N. Y. 766, 43 N. E. 989.

The claim of the relator that he is entitled to be restored to his official rights and privileges as a policeman, and assigned to duty as such, is based upon a contention that by force of the act which annexed the town of Wakefield, in the county of Westchester, to the city of New York, he was transferred from his position as a policeman of that town to a member of the police force of the city of New York; and the question he presents is whether the annexation act of 1895, under which he claims, contains any provision, either in itself or by reference to any other act, which is effectual to operate as he insists that it does. The act of 1895 in itself contains no provision with reference to the policemen of the towns or villages which are annexed to the city of New York. It does, however, mention certain town and village officials who, by the express terms of that act, are retained in office for a certain time and for certain purposes; and the fact that these officials are expressly referred to in the act for the purpose of retaining them in office shows quite clearly that

it was not supposed that other officials would be kept in office unless there was a special provision to that effect. This seems to be recognized by the relator, and he seeks to introduce into the law of 1895 a special provision retaining him in office. Section 1 of the law of 1895 (chapter 934) provides that the territory comprised within the limits of the towns of Westchester, Eastchester, and Pelham, which had not been annexed to the city and county of New York at the time of the passage of that act, describing it more particularly, "is hereby set off from the county of Westchester, and annexed to, merged in, and made a part of the city and county of New York and the 24th ward of the said city and county, and shall hereafter constitute a part of the city and county of New York, and of the 24th ward of said city and county, subject to the same laws, ordinances, regula- · tions, obligations, and liabilities, and entitled to the same rights, privileges, franchises, and immunities, in every respect, and to the same extent, as if such territory had been included within said city and county of New York at the time of the granting and adoption of the first charter and organization thereof, and had so remained up to the passage of this act, and, except as it may be modified by the provisions herein contained, as if such territory had been included within said 24th ward by the provisions of chapter 613 of the Laws of 1873, entitled 'An act for the annexation of the towns of Morrisania, West Farms and Kingsbridge, in the county of Westchester, to the city of New York,' and the several acts amendatory thereof, and had so remained up to the passage of this act."

The relator claims that the words "as if such territory had been included within said 24th ward by the provisions of chapter 613 of the Laws of 1873" are to be construed as making that act a part of chapter 934 of the Laws of 1895, or, at least, of making all the provisions of that act applicable to the territory annexed by the last-mentioned law. If the words quoted are susceptible of the construction which the relator insists upon giving to them, and by them the provisions of chapter 613 of the Laws of 1873 are made a part of the law of 1895, it would yet have no such effect as the relator insists upon giving to it. It could only introduce the words of that statute into the law of 1895, and the result of it would be that the police officers and patrolmen who were in office in the towns mentioned in the law of 1873 would remain in office; but it would not enlarge the scope of those words so as to make them apply to the towns mentioned in the law of 1895, because there is nothing in the statute by which it can be said that the provisions of the law of 1873 as to the patrolmen in the towns of Morrisania, West Farms, and Kingsbridge shall apply to the patrolmen of the towns annexed by the law of 1895. If the words quoted are effective to incorporate any portion of the law of 1873 into the law of 1895, they incorporate all of it; and it is quite evident from an examination of the two statutes that such could not be the intention of the legislature, because many of the provisions of the law of 1873 are merely local and temporary in their character, and could not, in the nature of things, have any effect as applying to the territory annexed by the law of

1895, or to the time of that annexation. But, if the words quoted make one portion of that statute a part of the law of 1895, they have an equal effect as to every portion of the statute. For that reason, the words cannot be held to have the effect which the relator seeks to give them. Besides, if the words are to have that effect, the statute is in direct violation of that section of the constitution which provides that no act shall be passed which provides that any existing law or any part thereof shall be made or deemed a part of said act, or which shall enact that any existing law or any part thereof shall be applicable except by inserting it in such act. Const. art. 3, § 17. This provision of the constitution interposes an insuperable bar to the interpolation of any or all of the provisions of the act of 1873 into the act of 1895, except by fully inserting it in the last-mentioned act. It is not necessary here to attempt to give any further construction to the words quoted in the law of 1895. If they have any meaning at all, or any effect upon the rights of the district thereby annexed, they are satisfied by construing them as referring to the municipal burdens and the municipal rights in which the annexed territory and its inhabitants were to share. But it is unnecessary to express any opinion as to the proper construction of these words, except to say that there is no possible way in which they can operate to make the relator or other persons who were patrolmen in the towns mentioned in the act members of the police force of the city of New York. The contention of the relator, therefore, fails at the outset. He never became a member of the police force of New York, and for that reason the order which denied his motion for a writ of mandamus was proper. As the commissioners of police did not appeal from so much of the order as allowed the relator an alternative writ, that portion of it cannot be reviewed.

The result is that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.