(26 Misc. Rep. 292.)

### FORD v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. February 14, 1899.)

MUNICIPAL OFFICERS—INSPECTORS—ABOLISHMENT OF OFFICE.

 Laws 1889, c. 375, § 13, authorizes a board of sewer commissioners of any village to employ inspectors at $2.50 per day. Plaintiff was accordingly appointed inspector for a year of a village which was afterwards annexed to New York City by a statute retaining certain of the village officers, not including said inspectors, for a certain time for certain purposes. Plaintiff never did any work for New York City, the office being abolished by the act. *Held*, that the city is not liable for his wages for the balance of the year after the annexation.

Action by one Ford against the mayor, aldermen, and commonalty of the city of New York. Judgment for defendant.

W. W. Culver (Wm. Barnes, of counsel), for plaintiff. .

John Whalen, Corp. Counsel (Charles Blandy, of counsel), for defendant.

FITZGERALD, J.  This action is brought to recover a sum of money which the plaintiff alleges is due to him under an agreement in writing made and entered into with the board of sewer commissioners of the village of Williamsbridge, by which he claims to have been appointed an inspector of sewers then being constructed or about to be constructed in said village, for a term of one year, and for such further period until certain work was completed, at an agreed compensation of $2.50 per diem.  This agreement bears date of May 23, 1895.  By chapter 934 of the Laws of 1895, said village became annexed to the city of New York, and this act took effect June 6th of that year.  On June 10th, four days subsequent thereto, the plaintiff, according to his testimony, reported to a Mr. Mack, the engineer of the former village of Williamsbridge, and claims to have performed some work for a period of about five weeks, at the expiration of which time, he testified, he was "laid off" by said Mack on account of a discontinuance of the work, and that the sewer commissioners of Williamsbridge, through Mack, their engineer, paid him the sum of $50 on account of his services.  The department of street improvements of the Twenty-Third and Twenty-Fourth wards of the city of New York, through its commissioner and chief engineer of construction, took possession of the office of the sewer commissioners of the former village on July 10, 1895, and never recognized the plaintiff as an officer or employé of the city, and never called upon him to perform any duty or service whatsoever; and it further appears that work seems never to have been resumed upon the construction of the sewers after the time plaintiff testified he was "laid off" by Engineer Mack.

Section 13 of chapter 375 of the Laws of 1889, known as the "General Village Sewer Act," authorizes a board of sewer commissioners of any village, among other things, to employ such inspectors as may be necessary, and to pay them a compensation, not to exceed $2.50 per day.  This is an express power conferred upon them by the statute, and they cannot be permitted to go beyond it.  The annexation act mentions certain town and village officials who in express terms are retained for a certain time and for certain purposes, and the fact that these officials are expressly referred to shows quite clearly that it was not supposed that any other officials would be kept in office.  People v. Roosevelt, 24 App. Div. 17, 48 N. Y. Supp. 1043.  The plaintiff was purely an employé of the village under sections 2 and 13 of the general village sewer act, and his employment as such was completely ended upon the enactment of the annexation act.  Gertum v. Board, 109 N. Y. 170, 16 N. E. 328.  The agreement in this case, although referred to as a contract, should, I think, properly be regarded as merely a certificate of appointment, for it cannot be claimed that the sewer commissioners could deprive the legislature of its power to abolish offices that it had created, to increase or diminish the compensation of employés, for whom it had provided, or to amend or repeal the laws as the public interests

might from time to time require in all cases not barred by constitutional limitation. The plaintiff held the office of inspector of sewers of the village. The annexation act abolished this office, and terminated his employment. The office of sewer inspector was created for a public use, and the plaintiff could not acquire a vested private personal right therein. His right of compensation, could only grow out of the rendition of services, and not out of any contractual relation; and, as no service was at any time required of or rendered to the city of New York by plaintiff, the defendant is entitled to judgment. Judgment for defendant, with costs.