PEOPLE ex rel. TATE v. DALTON et al.

(Supreme Court, Appellate Division, Second Department.  June 27, 1899.)

MUNICIPAL CORPORATIONS—EMPLOYES—REMOVAL—VETERANS' ACT—CONFIDENTIAL POSITIONS.

   Under Greater New York Charter, § 452, providing that the deputy commissioner of water supply at a branch office shall, "under the direction and control of the commissioner appointing him, have charge of the office work of his department" (which includes the collection of revenues), the deputy commissioner of water supply for the borough of Brooklyn is not responsible for the acts of the water registrar in his department; and hence said registrar was not holding a confidential position, within the veterans' act (Laws 1896, c. 821), prohibiting removals, except of persons holding "a strictly confidential position."

Appeal from special term, Kings county.

Application for mandamus, on the relation of Augustus C. Tate, against William Dalton, commissioner of water supply of city of New York, and another.  The writ was granted, and defendants appeal.  Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Carr, Corp. Counsel, for appellants.
Joseph A. Burr, for respondent.

CULLEN, J.  The relator hitherto instituted proceedings for a writ of mandamus to restore him to the position of water registrar, from which he had been removed.  That proceeding was taken against William Dalton, the commissioner of water supply of the city of New York.  The relator's application was denied.  We affirmed this disposition of the case by the special term, on the ground that the position to which the relator sought restoration was a public office, and that his remedy was by quo warranto, not by mandamus.  People v. Dalton, 34 App. Div. 6, 53 N. Y. Supp. 1060.  Our decision was affirmed by the court of appeals (158 N. Y. 205, 52 N. E. 1119), on the ground that the relator should have proceeded against the deputy commissioner in charge of the branch office of the borough; but the court held that, with the consolidation of the two cities of New York and Brooklyn, the relator's position had ceased to be that of a public officer, and that he was only an employé.  The relator has now brought this application against the deputy commissioner, and, under the opinion of this court in the previous case, written by Mr. Justice Hatch, he is entitled to restoration, unless the place which he held is "strictly confidential," within the veterans' act.  Chapter 716, Laws 1894; chapter 821, Laws 1896.  The duties of the relator comprise the supervision of the annual rolls for water taxes and water rents, the charges for extra water, the bills for the same, and the receipt and collection of moneys paid for water rates and water rents.  It is not entirely clear to what extent, if any, the relator personally receives money; but it is plain that by misconduct on his part, at least in collusion with others, there might be a defalcation or embezzlement in the receipts of the office.  His position

may, therefore, be well considered as one of confidence and trust to his employer, the city of New York; but, to make it strictly confidential, within the meaning of the veterans' act, it must bear that relation, not merely to the city or to the public, but to the appointing power. There is nothing of the duties or functions of the relator's position to make it strictly confidential as to the deputy commissioner of the water supply, unless that officer is pecuniarly liable for the misconduct or defalcation of the relator. In the case of People v. Coler, 31 App. Div. 523, 52 N. Y. Supp. 197, affirmed 157 N. Y. 676, 51 N. E. 1093, we held that the comptroller of the city of New York would not be liable for the defalcation of a collector of market fees, and that the latter office was not strictly confidential, within the meaning of the veterans' act. The present case differs from the one cited in that the relator was not a public officer, but merely a clerk or subordinate. This difference, though, is not controlling. The question still remains whether the deputy commissioner is liable for the acts of his subordinate where the subordinate is an employé. We think he is not. Under the Greater New York charter, neither the commissioner of water supply nor his borough deputies are charged with the personal duty of collecting the water rates. By section 469 it is provided, among other things, that the commissioner of water supply shall have "cognizance and control. * * * of the collection of the revenues from the sale or use of water from the public water supply." By section 476 it is provided that only water rents which are not paid "to the department of water supply" before a specified time shall be subject to an additional charge. Section 452 prescribes, as the duty of a deputy commissioner at a branch office, that he "shall, under the direction and control of the commissioner appointing him, have charge of the office work of his department in the borough or boroughs for which the office was established, and of the execution of all work devolved upon his department therein." These provisions, which are the only ones we can find on the subject of the collection of water rates, are radically different from those relating to the collection of taxes and assessments. By section 913 it is directed that the receiver of taxes shall "proceed to collect and receive said taxes from the several individuals and corporations assessed." By section 152 the receiver of taxes is required to give a bond, and by section 156 he and his sureties are made liable for the acts and defaults of the deputies appointed by him. Thus we see that on this officer personally is imposed the duty of the collection of taxes, and he is made responsible for the acts of his subordinates. The fact that no such obligation is imposed, in terms, upon either the commissioner of water supply or his deputy, that his duty is specified as consisting only "of cognizance and control" of the collection of the water rates, that the water rates are payable, not to the commissioner, but "to the department of water supply," seems to us to impose upon him liability only for personal misconduct in his sphere of supervision, and not for the acts of his subordinate committed without his fault. That he would not be liable to third parties for the torts of his

subordinates is settled by authority. Robertson v. Sichel, 127 U. S. 507, 8 Sup. Ct. 1286; Mechem, Pub. Off. § 789. We understand that this rule obtains, except where the duty, whether in favor of the public or for the benefit of a private individual, is imposed on the officer personally, which is not the present case.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.