VICTORIA E. BELL, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Librarian of a school district — her contract with a town annexed to New York city is not affected by such annexation — she is not a public officer.*

A library in a public schoolhouse is appurtenant to the school, and the trustees of a school district, acting under the Consolidated School Law (Chap. 556 of the Laws of 1894, tit. 7, art. 6), are authorized to execute a contract with a person to act as librarian thereof. Such a contract, made by the board of education of the town of East Chester, on May 18, 1895, before the Annexation Act (Chap. 934 of the Laws of 1895) went into effect, is binding upon the city of New York under section 3 of that act, which provides that nothing contained therein "shall impair the obligation of any contract."

Such librarian, whose appointment was made pursuant to chapter 344 of the Laws
of 1853, as amended by section 2 of chapter 235 of the Laws of 1873, was not a
public officer.

APPEAL by the defendant, The City of New York, from a judg-
ment of the Supreme Court in favor of the plaintiff, entered in the
office of the clerk of the county of Westchester on the 13th day of
July, 1899, upon the decision of the court rendered after a trial at
the Westchester Trial Term, the jury having been discharged at
the close of the case.

*William J. Carr* [*Charles A. O'Neil* with him on the brief],
for the appellant.

*Charles P. Hallock,* for the respondent.

GOODRICH, P. J.:

The plaintiff sues to recover her salary from September 1, 1895,
to September 1, 1896, as librarian of a school district formerly in
the town of East Chester. The answer sets up the defense that her
office or employment ended on June 6, 1895, by the passage of the
act hereinafter referred to as the Annexation Act. At the close of
the trial each side moved for the direction of a verdict; the jury
were discharged and the court rendered a decision in favor of the
plaintiff. This decision contains a finding that the plaintiff, who was
then librarian of the school district, on May 18, 1895, was employed
as librarian of the fourth school district of the town of East Ches-
ter, for the term of one year from September 1, 1895, at the salary of
$180, under a written contract. This contract on the evidence
appears to have been made by a resolution of the board of educa-
tion of the town of East Chester, appointing the plaintiff as librarian.
The board notified her of the appointment and requested her, if she
accepted the same, to sign an inclosed acceptance, which she did.
The acceptance reads: "I hereby accept the above appointment,
with the terms and conditions stated therein. Victoria E. Bell."

By chapter 934 of the Laws of 1895 (the Annexation Act), which
took effect June 6, 1895, after the execution of the contract in ques-
tion, a certain part of the county of Westchester, including the town
of East Chester, was "annexed to, merged in and made part of the
city and county of New York, * * * subject to the same laws,

ordinances, regulations, obligations and liabilities, and entitled to the same rights, privileges, franchises and immunities, in every respect, and to the same extent as if such territory had been" originally a part thereof. (§ 1.) Section 3 provides: "Nothing contained in this act shall impair the obligation of any contract, and the property and inhabitants of the territory annexed by this act to the city and county of New York shall continue liable to the existing creditors of the several towns and villages."

The court also found that the plaintiff had fully performed her contract and rendered the services called for therein; that after the annexation the city took control and had charge of the school district, and that the city, through its board of education, received from the former town board the contract in question, and thereafter, in June, 1895, passed a resolution ratifying the contract and allowed the plaintiff to perform services thereunder during the time named. There was also evidence that "The board of education of school district number four, in the town of East Chester," constituted the library a branch of the University of the State of New York, and authorized an application to the Regents for a charter. Nothing further is proved to have been done under such resolution. The plaintiff received from the city her salary for the months of June, July and August, under her previous contract of employment.

The defendant contends that the plaintiff's employment was terminated by the passage of the Annexation Act. In *People ex rel. Henderson* v. *Supervisors* (147 N. Y. 1) it was held that the territory taken from Westchester became a part of the city and county of New York, and that it was made subject to the burdens "in every respect, and to the same extent" as if the annexed territory had been originally a part of the city and county of New York. If, therefore, the contract of the board of education of East Chester was legal and binding upon that town, it would seem to follow that the city became liable for its performance. I do not find any argument in the brief of the appellant against the validity of such a contract, nor can I discover any objection to its legality.

The argument of the appellant is based on the contention that the plaintiff was a public officer. The cases cited relate to public officers. *People ex rel. Golden* v. *Roosevelt* (24 App. Div. 17) related to a police officer. *Ford* v. *Mayor* (26 Misc. Rep. 292)

related to an inspector of sewers, and the court referred to the plaintiff's position as an office.

The plaintiff was originally appointed as librarian, under section 6 of an act to establish free schools in school district No 4, in the town of East Chester, Westchester county (Chap. 344, Laws of 1853), as amended by section 2 of chapter 235, Laws of 1873, which states : " Said board of education shall appoint a district librarian and a clerk to the board of education."

The Consolidated School Law (Chap. 556, Laws of 1894), title 7, article 6, section 42, provides : " The trustee or trustees of every school district, * * * shall constitute a board for each of said districts respectively, and each of said boards are* hereby severally created bodies corporate." Section 43 reads : " All property which is now vested in, or shall hereafter be transferred to the trustee or trustees of a district, for the use of schools in the district, shall be held by him or them as a corporation." By section 47, the trustee or trustees of each district " shall have power : * * * 6. To have the custody and safe-keeping of the district school house or houses, their sites and appurtenances." Clearly, a library in a public schoolhouse owned by the corporation, as this was, is appurtenant to the school, and the necessity of caring for it authorizes the execution of a contract with a person to act as librarian.

There can be no doubt that the plaintiff was not a public officer. She was simply an employee of the city. Mr. Mechem, in the 1st and 2d sections of his treatise on Public Officers, defines a public office as one in which an individual is invested with some portion of the sovereign functions of the government. He cites the remark of Chief Justice MARSHALL in *United States* v. *Maurice* (2 Brock. U. S. C. C. 96), " Although an office is 'an employment,' it does not follow that every employment is an office. A man may certainly be employed under a contract, express or implied, to do an act or perform a service without becoming an officer." Mr. Dillon, in his work on Municipal Corporations, section 232, states a similar rule, citing, among other cases, *Chase* v. *City of Lowell* (7 Gray [Mass.], 33), which held that an appointment, by the common council of the city, of a person for a definite term, which appoint-

---

* *Sic.*

ment was accepted by him, constituted a contract which could not be changed by a subsequent vote of the council.

In *People ex rel. Tate* v. *Dalton* (41 App. Div. 458; 158 N. Y. 204), referring to a previous appeal in the same controversy and speaking for this court, Mr. Justice CULLEN said that in the case cited the Court of Appeals held the relator not to be a public officer and that he was only an employee. The relator had held the position of water registrar under the charter of the city of Brooklyn, and he and his position were transferred under the Greater New York charter to the city of New York.

In *Ridenour* v. *Board of Education* (15 Misc. Rep. 418), Mr. Justice GAYNOR held that a school teacher was an employee of the board of education, which was not a part of the city corporation, but a city agency, doing State and not city work and functions, and that the relation between such teacher and the board was simply the contractual one of employee and employer.

In *Gillis* v. *Space* (63 Barb. 177) the doctrine was enunciated that a sole trustee, acting as the school corporation, could make a contract with a person to teach in a common school for a period extending beyond the trustee's term of office, and that such contract was valid and binding upon his successor in office, and that an action by the teacher on such a contract could be maintained. A similar rule was laid down in *Wait* v. *Ray* (67 N. Y. 36).

It follows that the plaintiff's contract was binding upon the board of education of the town of East Chester, and that the city of New York was bound to assume the burden of the contract and is liable for the plaintiff's salary.

The judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.