(31 Misc. Rep. 549.)

PEOPLE ex rel. GARGAN v. YORK et al., Police Com'rs.

(Supreme Court, Special Term, New York County. May, 1900.)

1. MANDAMUS—APPLICATION FOR PEREMPTORY WRIT—WITHDRAWAL—ALTERNATIVE WRIT—DENIAL.

Under Code, § 2067, which provides that an alternative writ of mandamus may be granted on affidavits or other written proof "showing a proper case therefor," where relator, a patrolman, applied for a peremptory writ of mandamus to compel the police commissioners to pay him the salary of detective sergeant, and averred that the chief of police had assigned him to duty as detective sergeant, and, on denial in the answer of the authority of the chief of police to promote a patrolman, relator withdrew his motion for a peremptory writ, he was not entitled to an alternative writ as a matter of course, since it was apparent on the face of relator's papers that he was not entitled to the remedy of mandamus.

2. SAME—REMEDY AT LAW—ALTERNATIVE WRIT—DENIAL.

Where relator alleged that the chief of police had transferred him from a patrolman to the duties of a detective sergeant, and that the police commissioners had refused to pay him the salary of detective sergeant, and the city denied that the chief of police had any power to promote relator to detective sergeant, but had merely transferred him to the duties of such an officer, in accordance with the uniform practice of the department, relator was not entitled to mandamus to compel the police commissioners to pay such salary, since he had an adequate remedy at law.

Motion for an alternative writ of mandamus by the people, on the relation of Patrick F. Gargan, to compel the police commission-

ers of New York to pay him the salary of a detective sergeant. Denied.

James, Schell & Elkus, for relator.

John Whalen, Corp. Counsel, and Charles W. Ridgway, for respondents.

LEVENTRITT, J. The relator originally prayed for a peremptory writ of mandamus directing the board of police to pay to him the sum of $600, due him as arrearage of salary, and also to pay to him in the future the sum of $2,000 annually. The facts in support of his allegation show that on the 29th day of November, 1898, he was assigned to the Central Office bureau of detectives of the department of police in this city, to perform therein the duty of detective sergeant, and that from that date he had continued to perform such duties; that, instead of the sum of $2,000 annually, which is the salary of detective sergeants, he has received only the sum of $1,400 for a year's work; and that, although demand had been duly made of the commissioners for the balance of the salary, its payment has been refused. The answering affidavit of the president of the police board denies material allegations of fact contained in the relator's affidavit. It shows that the relator was in November, 1898, transferred from the precinct in which he was serving, and directed to report to the commanding officer of the detective bureau, and that such transfer was made in the same manner as transfers of officers and patrolmen from one precinct to another; that he was at no time selected or appointed to perform detective duty in the bureau of detectives; that, pursuant to the powers vested in the chief of police under the Greater New York charter, it has been the constant practice in the police department for him to assign, from time to time, to the bureau of detectives such a number of patrolmen as the exigencies of the service might require; that at the time of the relator's assignment there were serving in the bureau other patrolmen who were receiving the pay of patrolmen; and that there were also, at the same time, serving therein regular appointees, designated detective sergeants, whose pay was the same as that of sergeants of police. On the argument of the motion the relator withdrew his application for the peremptory writ; recognizing that, in view of the dispute as to the material facts, he was not entitled to it. He now argues that he should have an alternative writ as a matter of course, and that the respondents' objection thereto cannot be made at this time but must be raised by answer or demurrer on the return day. I do not so understand the provisions of the Code. Section 2067 provides that the alternative writ may be granted upon an affidavit or other written proof *showing a proper case therefor*, and that either with or without previous notice of the application. Although the alternative writ is usually issued ex parte, the italicized words indicate that even then the allowance thereof is not merely formal. If it is apparent on the face of the relator's papers that he is not entitled to the extraordinary remedy of mandamus, it would be quite purposeless to prolong the proceeding, and to compel a return where the petition or affidavit does not

show a case for relief. The law does not favor such circuity. In the present instance, however, where both parties are before the court, where the prayer for a peremptory writ has been withdrawn, the application is, in effect, one, on notice, for an alternative writ, or equivalent to one in which the court or judge had originally required notice to be given to the respondents pursuant to section 2067. In either event it is not premature for the court to decide whether the papers show a proper case.

On the merits of the application, I am of the opinion that the relator's remedy by action is quite adequate. While recent cases have recognized some exceptions to the rule that mandamus will not lie where there is a sufficient remedy at law (People ex rel. Beck v. Coler, 34 App. Div. 167, 54 N. Y. Supp. 639; In re Freel, 148 N. Y. 165, 42 N. E. 586; People v. Schieren, 89 Hun, 220, 35 N. Y. Supp. 64), the facts here presented do not justify a discretionary departure from the almost universal rule. In the most recent of those cases the court says:

"We are of the opinion that where the right of a party to payment from the city is clear, and there are funds on hand applicable to such payment, the court may and will, in the exercise of a sound discretion, compel, by mandamus, a ministerial officer to audit and pay the claim, though, if the city itself repudiated or denied the existence of the obligation, the rule would be different." Beck's Case, 34 App. Div. 169, 54 N. Y. Supp. 640.

That different rule applies to the present situation. The most material allegation of the relator's affidavit, to the effect that he was selected or appointed to do detective duty in the bureau of detectives, is denied. The respondents aver that the chief of police was without power, right, or authority to change relator's rank or grade. It is true that his assignment to the bureau is not denied, nor that he performed services while so assigned. But it is declared that he was assigned in his capacity as patrolman, and not as detective sergeant, in accordance with the uniform practice of the department. The existence of the obligation is denied. Whether the fact of the relator's assignment and that of his having performed services would entitle him to pay as a detective sergeant, in the absence of a formal promotion to that rank, is a question to be determined on the trial of the action. So far as the relator asks for arrearages of salary, it is simply and solely a demand for money, involving the determination of that question as of any other arising in an action. So far as the relator asks for a direction compelling the respondents to pay him his salary in the future at the rate of $2,000 per annum, the relief asked for could not be obtained by mandamus, or any other form of remedy. The form of the direction is bad. It implies his continuance and retention in the bureau, which the court can neither presume nor direct. Even had the prayer been properly limited, the inadequacy of the legal remedy, especially in the event of a favorable outcome of his suit as to arrearages, is not apparent. That would determine his right to the same salary at least so long as he should be retained in the bureau. I think this case is within the principle laid down in People v. Roosevelt, 24 App. Div. 19, 48 N. Y. Supp. 1043, and People ex rel. Steinson v. Board

of Education, 60 Hun, 486, 15 N. Y. Supp. 308, affirmed in 148 N. Y. 766, 43 N. E. 989. In the former case the relator claimed that, by virtue of the annexation of certain territory to the city of New York, he became a policeman of the municipality, and entitled to receive salary as such. The court held:

"If, as he says, he is still a member of the police force, * * * his claim is a mere common-law demand for money which is owing to him by the city of New York; and his remedy is to be sought, not by the extraordinary remedy of a mandamus, but by an action for the salary which he claims to be due him, as any other debt is to be collected."

In the Steinson Case, where the relator, who had been a teacher in a public school, had been first removed from his position, but had been restored thereto by the state superintendent of public instruction, asked for a mandamus compelling the board of education to pay him a sum he alleged to be due as salary for a period subsequent to his dismissal, the court held that the writ applied for amounted to nothing more than a process to collect a debt, and that, as his remedy by action was complete, mandamus would not lie. I see no distinction in principle between the cases cited and that before me. The motion will be denied. Ten dollars costs.

Motion denied. Ten dollars costs.