(32 Misc. Rep. 489.)

### CONNELLY v. COMMISSIONERS·OF .ALMS HOUSE OF CITY OF KINGSTON.

(Supreme Court, Trial Term, Ulster County. July 1, 1900.)

MUNICIPAL CORPORATIONS—MUNICIPAL DEPARTMENTS—BOARDS—POWERS AND AUTHORITY.

The board of commissioners of the alms house of a city, a department of the city government, employed plaintiff, by contract for two years, to perform surgical and medical services. The duration of the office or employment of a physician is not provided for by the constitution of the

state nor declared by law. At the end of the first year the incoming board employed another physician, and plaintiff sued to recover his salary for the remainder of his term under the contract. *Held*, that the contract of the outgoing board was not binding on the succeeding board.

Action by William H. Connelly against the commissioners of the alms house of the city of Kingston to recover salary under a contract to perform certain surgical and medical services. Judgment for defendant.

Arthur C. Connelly (John J. Linson, of counsel), for plaintiff.
Walter N. Gill, for defendant.

CHASE, J. The commissioners of the alms house of the city of Kingston constitute a department of the city government, and may sue and be sued by that title as if a corporation. There are nine commissioners of the alms house, and on each 1st day of May the term of office of three of such commissioners expires. Such department may appoint such competent practicing physicians as may be necessary to render surgical and medical services to the city poor. Laws 1896, c. 747, tit. 7, § 77, subd. 7. On the 1st day of November, 1897, the plaintiff was appointed physician for the Western department of the city of Kingston with a salary at the rate of $300 per year, and entered upon the performance of his duties as such physician. At the regular meeting of the alms commissioners held on the 7th day of November, 1898, business was transacted which in part appears on the minutes of the meeting as follows:

"Mr. Ward then offered the following resolution that the superintendent be elected for one year. Mr. McEntee moved as an amendment that the officers be elected for two years. The president put the amendment, which was carried. The original motion was lost. The president * * * said they would proceed to an informal ballot, for superintendent of the alms house. * * * Formal ballot: Addis, 4; blank, 2; R. Lanahan, 1; John Gallagher, 1. The president declared Mr. Addis elected for two years. Mr. Ward objected to this, saying, under the rules of the alms house 4 is not a majority, and he protested against the election of Mr. Addis. President Turner said that he would rule that blank ballots should not count, and the man receiving the greatest number of votes cast for any office would be declared elected. The president stated that they would proceed to an informal ballot for the doctor in the Western department. * * * Formal: Dr. Connelly, 4; Dr. Buckley, 2; R. J. Murphy, 1; blank, 1. The president declared Dr. Connelly elected. Mr. Ward offered the same objection as on the superintendent."

Dr. Connelly, the plaintiff, continued in the discharge of the duties of physician for the Western department. At the next meeting of the board of alms commissioners the minutes of the meeting of November 7, 1898, were approved. On the 17th day of November, 1898, a unique instrument was signed by the president and secretary of the board of alms commissioners and by the plaintiff. The plaintiff claims that by such instrument he was employed as the physician to the poor for the Western department of the city from January 1, 1899, to January 1, 1901. For the purpose of this decision I will assume that the plaintiff is right in such contention. About the 1st day of February, 1899, the salary of the physician for the Western department was increased from $300 to $400 per year. No physician had ever been previously appointed for a term of two years. On the 1st day of May, 1899, the

term of office of three of the alms commissioners expired, and three other persons were duly appointed in their places, and entered upon the discharge of their duties as such. At a meeting of the alms commissioners held on the 1st day of May, 1899, at which the three new commissioners were present, the board was reorganized, and the following resolution was passed:

"Mr. Forst offered a resolution that Dr. Daniel Connelly be appointed city physician for the Western department in the place of Dr. W. H. Connelly at a salary of $33.33 per month."

At the time such resolution was passed, the plaintiff, Dr. W. H. Connelly, was present, and said he would like to be heard, and, permission being granted, he said that he was not a city officer, but that he was under a contract for two years, which he had signed. Dr. Daniel Connelly then entered upon the discharge of the duties of physician for the Western department, and has continued in the discharge of such duties since that time. The plaintiff has been in readiness to perform the duties of physician for the Western department continuously since the 1st day of May, 1899, and brings this action to recover his salary from the 1st day of May, 1899, to the 1st day of January, 1901. The defendant insists that the plaintiff cannot maintain this action, and urges, among other reasons, that the duration of the office or employment is not provided by constitution nor declared by law, and that, notwithstanding the contract between the plaintiff and defendant, the plaintiff only held his position during the pleasure of the board appointing him.

It is provided by section 3 of article 10 of the constitution as follows:

"When the duration of any office is not provided by this constitution it may be declared by law, and if not so declared such office shall be held during the pleasure of the authority making the appointment."

The courts hold that, independently of legislative enactment, the same rule applies to the tenure of persons who are in the public service as employés merely, and not as public officers. Abrams v. Horton, 18 App. Div. 208, 45 N. Y. Supp. 887, and cases cited. It is not claimed that the duration of the position of physician under the charter of the city of Kingston is provided either by constitution or declared by law. Treating the position as an office, or an employment under contract merely, it would seem to be one that could be terminated by the defendants at pleasure. The case of Bell v. City of New York, 46 App. Div. 195, 61 N. Y. Supp. 709, does not, in terms or in fact, overrule Abrams v. Horton. That action was brought to recover a salary where the person who entered into the contract with the school district in East Chester not only performed the duties of the position as agreed by her, but she did so after the city of New York, through its board of education, had received the contract entered into by the plaintiff with the board of education of East Chester, and had thereafter passed a resolution ratifying the contract, and had allowed the plaintiff to perform the services under her contract during the time named. It is true that it is stated in the opinion that the court did not find any argument in the brief of the appellant against the validity of such a contract, and that they did not discover any objection to its

legality; but this was doubtless said with reference to the right of a school district to employ a librarian, and was not said with reference to the authority of the school district to terminate the contract itself, if it desired to do so. The question of the right to terminate such contract before it had been actually executed was not considered nor determined in that action. One who deals with the officers or agents of a corporation is bound to know their powers, and the extent of their authority; and the plaintiff in this action, in contracting with the defendants, did so with knowledge of the limitation of their powers in making the contract. The good of the public service would seem to demand that, apart from legislative provision, incoming boards should not be bound, against their will, by contracts made by outgoing boards extending far into or through the term of the new board. It is not necessary for me to hold in this case that the plaintiff could have been dismissed at any time by the board who employed him prior to their reorganization. The case of Abrams v. Horton is at least authority for holding that the contract is not binding upon a succeeding board. I hold the contract with plaintiff not binding on the present board. I do this in obedience to what I believe to be the holding of the appellate court, and also in accordance with my own judgment as to what the decision should be in this case. The complaint of the plaintiff is dismissed, with costs.