The People of the State of New York ex rel. Michael Ryan, Respondent, v. James L. Wells et al., Composing the Board of Taxes and Assessments of the City of New York, Appellants.

New York (City of) — Deputy Tax Commissioner — Office of, Excepted from Provisions of Section 21 of Civil Service Law Prohibiting Removal of Honorably Discharged Volunteer Firemen Therefrom, Except After Hearing on Stated Charges. The office of deputy tax commissioner of the city of New York is an office excepted, by the language thereof, from the provisions of the Civil Service Law (L. 1899, ch. 370, § 21, as amd. by L. 1902, ch. 270) prohibiting the removal of an honorably discharged soldier or volunteer fireman from any position, by appointment or employment, in the state or any of the cities thereof, except for incompetency or misconduct after a hearing upon stated charges, and, therefore, an honorably discharged volunteer fireman who has been removed by the board of tax commissioners without a trial, having been first given an opportunity of making an explanation,

under the provisions of section 1543 of the charter, is not entitled to a hearing upon stated charges, and a writ of certiorari to review his removal will not lie.

*People ex rel. Ryan* v. *Wells,* 86 App. Div. 270, reversed.

(Argued November 9, 1903; decided November 24, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered September 18, 1903, which annulled, on certiorari, a determination of the defendants removing the relator from the position of deputy tax commissioner of the city of New York.

The facts, so far as material, are stated in the opinion.

*George L. Rives, Corporation Counsel (James McKeen* and *Walter S. Brewster* of counsel), for appellants. The provisions of the statute under which the position of a deputy tax commissioner is created show that these deputies are within the exception in the Civil Service Law. (L. 1901, ch. 466, § 887; *Blust* v. *Collier,* 62 App. Div. 478; *People ex rel.* v. *Van Wyck,* 157 N. Y. 495.) Unless the relator was entitled to the special privileges given by section 21 of the Civil Service Law it cannot be questioned that the removal was made in accordance with the provisions of section 1543 of the charter. (*People ex rel.* v. *Brady,* 166 N. Y. 44.)

*Robert H. Elder* for respondent. The proceedings of removal are reviewable by certiorari because the statute expressly allows this remedy in cases of veterans and because they were judicial in their nature. (*People* v. *Brady,* 166 N. Y. 44; *People* v. *Scannell,* 62 App. Div. 253; *People* v. *Gleason,* 63 App. Div. 436; *People* v. *Flood,* 64 App. Div 211.)

*Per Curiam.* The relator was a deputy tax commissioner of the city of New York and a veteran volunteer fireman. It cannot be doubted that under the provisions of section 1543 of the Greater New York charter he might have been

removed by the board of tax commissioners without a trial, having been first given an opportunity of making an explanation, unless his case is taken without that section by section 21 of the Civil Service Law (Chap. 370, Laws 1899, as amended by Chap. 270, Laws of 1902). The last statute provides that an honorably discharged soldier or volunteer fireman holding any position by appointment or employment in the state or any of the cities thereof shall not be removed from such position or employment except for incompetency or misconduct after a hearing upon stated charges. As originally enacted it, however, contained this qualification : "Nothing in this section shall be construed to apply to the positions of private secretary or deputy of any official or department, or to any other person holding a strictly confidential relation to the appointing officer." As amended in 1902 the qualification reads : " Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department." The office of the relator is declared by the charter to be that of deputy tax commissioner which would bring him within the language of the exception or qualification in the civil service statute. The learned court below, however, was of opinion that because the statute as originally enacted contained the language " or to any other person holding a strictly confidential relation to the appointing officer," only such deputies were to be excepted from the provisions of the section as bore confidential relations to the appointing officers. It was further of opinion that the relation of deputy tax commissioner to the board of commissioners was not confidential and that, therefore, the relator could be removed only upon charges. We are by no means clear that the language of the civil service statute in its original form justified such a qualification or limitation of the term " deputy." However that may be, since the amendment of 1902, by which the provision as to " any other person holding a strictly confidential relation to the appointing officer " has been stricken out and the position of cashier, which is not necessarily confidential (*People ex rel. Tate* v.

*Dalton*, 41 App. Div. 458; affirmed on opinion below, 160 N. Y. 686), added to the exceptions, such an interpretation we think no longer admissible and that the statute excepts all deputies in the various city departments. As the relator was not entitled to a hearing on charges, certiorari to review his removal would not lie. (*People ex rel. Kennedy* v. *Brady*, 166 N. Y. 44.) It follows that the order of the Appellate Division should be reversed and the proceeding dismissed, with costs.

Parker, Ch. J., O'Brien, Bartlett, Haight, Vann, Cullen and Werner, JJ., concur.

Order reversed, etc.

---

The People of the State of New York ex rel. May Clark, Respondent, *v.* The Keeper of the New York State Reformatory for Women at Bedford et al., Appellants.

The State Charities Law — Jurisdiction of New York City Magistrate to Sentence Women to State Reformatory at Bedford under Section 146 Thereof — Conviction Must Be for Offenses Enumerated Therein. Under section 146 of the State Charities Law (L. 1896, ch. 546, as amd. by L. 1899, ch. 632), providing that "A female, between the ages of fifteen and thirty years, convicted by any magistrate of petit larceny, habitual drunkenness, of being a common prostitute, of frequenting disorderly houses or houses of prostitution, or of a misdemeanor, and who is not insane, nor mentally or physically incapable of being substantially benefited by the discipline of either of such institutions, may be sentenced and committed to * * * the New York State Reformatory for Women at Bedford," a magistrate of the city of New York has no jurisdiction to sentence a woman to such reformatory unless she is convicted of one or more of the offenses enumerated therein; and a conviction thereunder is improper where it is impossible to determine, from the records and papers relating to the conviction and sentence returned upon writs of habeas corpus and certiorari allowed in her behalf, whether she was convicted of being a prostitute, either "public" or "common," assuming these terms to be practically synonymous, or on the charge of "disorderly conduct;" but, assuming that it is reasonably certain that the magistrate intended to convict the relator of "disorderly conduct," then the conviction is not a valid conviction for a mis-

30