JACOBS v. CITY OF ELMIRA.

(Supreme Court, Appellate Division, Third Department. November 29, 1911.)

1. MUNICIPAL CORPORATIONS (§ 126*)—CITY OFFICERS—POWER TO CREATE.

A city council has no power to create the office of city physician, where the city charter made no provision for such an office.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 298–300; Dec. Dig. § 126.*]

2. MUNICIPAL CORPORATIONS (§ 226*)—CONTRACTS—CONTRACTS FOR SERVICES.

A provision of a city charter authorizing the city to contract for services or supplies, and to provide generally for the welfare of the city, did not impliedly authorize the city to make a binding contract for medical services for a specified time.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 645–650; Dec. Dig. § 226.*]

3. MUNICIPAL CORPORATIONS (§ 247*)—CONTRACTS—UNAUTHORIZED CONTRACTS—EFFECT.

A city is not bound by contracts which its officials have no authority to make.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 247.*]

4. MUNICIPAL CORPORATIONS (§ 218*)—MUNICIPAL EMPLOYÉ—TERM OF EMPLOYMENT.

The employment of a physician by a city at a fixed compensation could be terminated at the city's pleasure; it not having power to employ him for a definite term as it attempted to do.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 218.*]

Betts, J., dissenting.

Appeal from Chemung County Court.

Action by Jonas Jacobs against the City of Elmira. From a judgment for plaintiff, defendant appeals. Reversed, and judgment entered for less amount than awarded.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Michael Danaher, for appellant.
Benjamin F. Levy, for respondent.

HOUGHTON, J. The plaintiff is a physician of many years practice, residing in Elmira, and a year prior to March 23, 1903, the common council of that city had appointed him city physician at a stated salary. His duty under such appointment was to attend upon the employés of the various city departments and the indigent poor when called upon. There was no express provision in the city char-

ter giving power to appoint a city physician, but it had long been the custom of the common council to make such appointments from year to year under its general power "to enter into contracts for services or supplies and order payment of the same, and to provide generally for the welfare of the city." In March, 1902, plaintiff was appointed to succeed another for the ensuing year, and on March 23, 1903, he was appointed to succeed himself.

Prior to 1903 the city elections had been held in the spring, but in that year (Laws 1903, c. 8) the city charter was amended so that they were held in November, and the term of the incumbent city officials was abridged, so that those elected took office January 1, 1904, instead of the succeeding March. The new common council on the 11th of January, 1904, appointed another city physician in place of the plaintiff. The plaintiff claims that his appointment, or hiring, continued until the 23d of March, 1904, and he offered to perform the services during that period. He was not permitted to do so, but, holding himself in readiness, thereafter brought this action and recovered judgment for such aliquot part of the year, which judgment was affirmed by the County Court, and from which affirmance the defendant appeals.

[1] The plaintiff does not claim to have been a city official, and he is correct in this assumption, for the city charter did not provide for any such office, and it was beyond the power of the common council to create an office which the statute made no provision for. O'Connor v. Walsh, 83 App. Div. 179, 82 N. Y. Supp. 499.

[2] But the plaintiff insists that he was an employé of the city, and that the common council had power to enter into a contract with him to give medical treatment to the members of the various city departments including fire and police, and to attend upon the indigent poor of the city. We think the common council did not have such power. Confessedly the common council would have no power to make a contract binding upon the city, unless it was authorized so to do. The provision of the charter quoted falls far short of giving even implied authority to enter into a binding contract with the plaintiff for the rendering of services for a specified time. The common council had no more power to bind the city by a contract with the plaintiff than it had to create the office of city physician and agree to pay a salary.

[3] While a municipality is bound by contracts which it has the power to make, it is not bound by contracts which its officials have no authority to enter into. If it be assumed that the office of city physician was provided for by the charter, plaintiff's term of office was abridged by the amendment of 1903.

[4] If the plaintiff be deemed a mere employé whom the council had authority to employ at a fixed compensation, the term of his employment must be deemed to be at the pleasure of the appointing power notwithstanding a definite term was fixed. In Abrams v. Horton, 18 App. Div. 208, 45 N. Y. Supp. 887, it was not disputed that superintendents of the poor had power to make a contract for employment of a keeper of an almshouse. They made a contract with

one to act as keeper for the period of three years. Before the expiration of that period, new superintendents appointed another person, and it was held that they had the right so to do, upon the principle that, where the power of appointment to public employment is conferred in general terms and without restriction as to the form of contract or the term of service, the power of removal at pleasure exists in the appointing officer. The same principle was applied in Connelly v. Commissioners, 32 Misc. Rep. 489, 66 N. Y. Supp. 194. Where express power is given to municipal officers to enter into a contract for a definite period, and such contract is made, of course, it is binding, and such rule does not apply. In the present case the plaintiff, even if the common council had power to employ him, could have resigned before the expiration of the time specified without making himself liable for damages; and so could the common council terminate his employment without subjecting the city to damages for failure to fulfill the contract on its part.

The facts in Bell v. City of New York, 46 App. Div. 195, 61 N. Y. Supp. 709, upon which the plaintiff relies, were entirely different from those in the case at bar. In that case the appointing power had express authority to make the contract, and did not seek to annul it or terminate the employment. The only question involved was whether under the annexation act creating Greater New York (chapter 934, Laws 1895), which provided that annexation should not work to impair the obligation of any contract, there was in existence a valid and binding contract, and the court very properly held that such contract existed, and that, it being binding upon the locality making it, it was binding upon the city of New York, which had assumed to carry out all such contracts. The defendant made an offer of judgment to the amount of plaintiff's salary for the time he actually served and until his successor was appointed. The sum thus offered was the only sum which the plaintiff was entitled to recover.

It follows that the judgment must be reversed, with costs in this court and in the County Court, and judgment entered in pursuance of the offer in the City Court.

SMITH, P. J., and KELLOGG and SEWELL, JJ., concur. BETTS, J., dissents.